# St. Clair v. The State.

## Indictment for Embezzlement.

1. *Embezzlement of non-transferable labor tickets by payee having possession under agreement to collect for purchaser.* Where labor tickets issued by a corporation to an employe in payment, or evidence. of weekly wages, reciting on their face that they are not transferable, are sold and delivered by the payee, for a consideration to a third party, the legal and beneficial ownership remains in the payee, not-withstanding such sale and delivery ; and if. at maturity, such tickets are redelivered to the payee by the purchaser for collection for the latter, and such tickets and the money collected thereon are converted by the payee to his own use, embezzlement will not lie.

· FROM the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

AMOS E. GOODHUE, for the appellant.—The "checks" or orders on which the embezzlement was predicated were non-transferable, and as matter of law could not, under the facts in evidence, become the property of Holcombe.— *Tabler, Crudup & Co. v. Sheffield Land, Iron and Coal Co.*, 79 Ala., 380 ; *Durr v. The State*, 59 Ala., 24.

The application of the legal principles declared in the above cited cases preclude the idea that the defendant received any money belonging to Holcombe by virtue of his employment by Holcombe. The checks remained the property of Holcombe all the time; from a legal standpoint he collected, not Holcombe's money but his own money, and Holcombe agreed with him that he should collect the checks as his own and bring Holcombe the money. Considering every inference that can possibly be drawn from the evidence the case made is simply one where the defendant failed to keep an agreement made with Holcombe to pay over to him the proceeds of certain checks belonging in fact

to the defendant and incapable of being transferred. For this breach of an agreement it is possible a civil action might lie; but the facts do not present a case of embezzlement. The court below erred in refusing to give the general charge requested by the defendant.

WM. L. MARTIN, Attorney-General, for the State.—The fact that the labor tickets were, upon their face, declared to be "not transferable" is immaterial here.

Such restriction was proper to negative the idea that they were intended to circulate as change bills, and to place beyond all question the right of the maker to any defense which he might hold against them, regardless of any transfer. It could not have the effect to vitiate a transfer. On the contrary, a transfer would be legal and would carry the interest of the transferror. The transferree might maintain an action on the bills in the name of the payee, for the use of the transferree. These propositions are believed to be supported by the decisions of this court in *Tabler, Crudup & Co. v. Sheffield Land, Iron & Coal Co.*, 79 Ala., 377. S. C. 87 Ala. 305.

If the transferree could collect the bills by suit in the name of the payee for the use of himself, why may he not collect through the payee, without suit?

The latter was the mode of collection adopted by the parties. That the agency of the defendant was known only to himself and the prosecutor—that the car company was kept in ignorance of the arrangement—cannot affect the question of agency. If it had been made known to the car company that defendant had transferred the claims to Holcomb, and that he was collecting them for Holcomb's benefit, the car company could not have successfully refused payment on that ground.

The court properly gave the general charge for the State. There was nothing left for the jury to infer. The testimony clearly showed that the defendant was the agent of Holcomb for the particular transaction; that the checks, or the money collected thereon, came into his possession by virtue of his employment as such agent, and that he had embezzled, or fraudulently converted to his own use, either the checks or the money collected thereon. These are the essential elements of the offense with which he stands charged. *Pullam v. State*, 88 Ala. 31; Code of 1886, S. 3795.

In the absence of testimony showing when the defendant conceived the criminal intent—whether before or after re-

VOL. C.

ceiving the money on the checks—he was not entitled to the general charge as to either of the counts in the indictment.

McCLELLAN, J.—This is a prosecution for embezzlement. The indictment contains two counts. The first count charges that defendant, being the agent of one Holcombe, embezzled certain described evidences of debt belonging to his principal, and which had come to defendant's possession by virtue of his employment as such agent. The second count charges the defendant, being the agent of Holcombe, with the embezzlement of certain money of his principal, which had come into his possession by virtue of his employment as such agent. On the trial it was shown without conflict that "the evidences of debt" charged by the first count to have been converted were what are commonly known as "labor tickets" or "labor checks," which had been issued by the Elliott Car Company, through its timekeeper to the defendant, John St. Clair, in payment of, or to evidence, amounts due to him from the company for labor performed by him for it. The following is a copy of one of said tickets, and the others involved here are substantially the same, for all the purposes of the questions arising in regard to them: "The Elliott Car Company. On the 10th day of April, 1892, pay to John St. Clair (not transferable) ten & 62-100 dollars, ($10.62), less amount punched in margin, in full payment for his wages, week ending Friday, Mar. 25, 1892. T. R. Simmons, Timekeeper. To Treasurer of the Elliott Car Company, Gadsden, Ala. No. 30,785." Five of these tickets, aggregating $72.31, being thus issued to, and in the hands of, St. Clair, he undertook to sell them to Holcombe, and did deliver them to him to that end, and received an agreed consideration for them. At their maturity Holcombe put them in the hands of St. Clair to be by him collected from the company for and on account of Holcombe, to whom the proceeds were to be paid by St. Clair immediately upon the latter's receipt thereof from the company. St. Clair collected the money due on the tickets, and delivered them up to the company, whereupon the word "Cancelled" was written across the face of each of them by an officer of the company; but the defendant failed to account for or pay over the proceeds to Holcombe, and absconded. This money—the proceeds of said "evidences of debt"—is the $72.31 alleged in the second count of the indictment to have been embezzled by the defendant. These tickets or "evidences of debt" were merely orders on the treasurer of the car company to pay certain sums to John St. Clair only, or

at most a contract on the part of the company to pay said sums to St. Clair, with an expressed stipulation that it would not pay, and would not be liable to pay, the money to any other person. It was, of course, entirely competent for the parties to make this stipulation, and thus embody it in the order or contract. Its effect was to limit the car company's liability exclusively to St. Clair. The corporation ordered its treasurer to pay him, and him alone; and in taking the paper he recognized, in a way that bound him contractually, that the only right he had under it was to demand payment to himself on a contract to pay him, and him only, the amounts evidenced by the papers; and whether the papers be regarded as an order for money, or as contracts to pay money, by their very terms they could never import any manner of liability to any third person. It is not questioned that the legal title to these evidences of debt was all along in St. Clair, and was incapable of divestiture out of him. But it is insisted that his delivery of the papers to Holcombe passed an equity into the latter,— vested an equitable title in him which gave him rights against the car company enforceable by an action in the name of St. Clair to his use. We do not think so. To so hold would be not only, by indirection, to emasculate the stipulation against a transfer of them, but directly, in substance and effect, to create a liability of the car company to Holcombe, against the expressed terms of the contract, upon which alone rested all liability on their part in the premises, even to St. Clair. We cannot go to this extent. We are constrained, in giving effect to the words "not transferable" in instruments of the class involved here, to hold that no property of any character in these tickets was ever in Holcombe, but, to the contrary, that the entire property in them was all along in the defendant. The latter thus being, for all the purposes of this case, the technical and beneficial owner of these evidences of debt, the money collected by him on them became at once, and was, his money, and he could not be guilty of embezzling either the one or the other. In reality the only thing which inured to Holcombe out of the original transaction between him and the defendant was a promise on the part of the latter to pay him the proceeds of the tickets when collected; and, however morally reprehensible defendant's failure to comply with this promise may have been, it was not a crime. The trial court should have given the general charge for the defendant, as requested. The judgment of conviction is reversed. No legal conviction can ever be had on the facts of the case,

[Ex parte William West.]

and a judgment will therefore be entered here acquitting and discharging the defendant.

Reversed and rendered.