STATE *vs.* WALTER T. DAVIS.

*Criminal Law—Embezzlement—Bailee—Intent to Defraud—Custody of the Property—Good Character of Defendant; Absence of Proof of; Commenting on by Attorney-General.*

1.   Attorney-General allowed to comment on the fact that the defendant had offered no proof of his good character.

2.   A bailee is one to whom personal property, the subject of larceny under the statute, is delivered under a contract of bailment; and a bailment is a delivery of some personal property, the subject of larceny, by one person, or by another for him, to another; to be held according to the purpose of delivery; and to be returned when that purpose is accomplished.

3.   Embezzlement is where one fraudulently appropriates the property of

another entrusted to his care, or fraudulently misapplies it instead of applying it to its proper purpose.

4. It is necessary for the State to prove that at least a part of the property described in the indictment actually came into the custody of the defendant as bailee, and while being so in his custody, he embezzled or fraudulently misapplied or converted it to his own use. In this offense the intent to defraud—that is, the bad faith— is necessary to be shown before the defendant can be found guilty. The fraudulent intent may be proved either by direct evidence or by circumstances from which the fraudulent intent may be inferred.

(*May 22, 1901.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward,* Attorney-General, for State. ·

*William S. Prickett* for defendant.

Court of General Sessions, New Castle County, May Term, 1901.

INDICTMENT FOR EMBEZZLEMENT AS BAILEE.

At the trial, after the testimony on both sides had closed, the Attorney-General, in his argument to the jury, commented upon the fact that the defendant had offered no proof as to his good character. This was objected to by Mr. Prickett, counsel for the defendant, as improper. The Attorney-General insisted that the Court had allowed such comments notwithstanding objections by defendant's attorney in the unreported case of *State vs. Pullen,* tried at the April Term, 1901, in Kent County.

GRUBB, J.:—We overrule the objection on the authority of the decision in the case of *State vs. Pullen.*

GRUBB, J., charging the jury :

Gentlemen of the jury:—Walter T. Davis stands charged in this indictment with having, as bailee of the property of Hattie Luff, embezzled or fraudulently converted the same to his own use. The indictment is framed under this provision of a statute of this State, viz.: "That if any person, being a bailee of money or other property the subject of larceny, shall embezzle or fraudulently convert the same to his own use, he shall be deemed guilty of a misdemeanor," etc.

Before you can render a verdict of guilty in this case, the State must have proved to you beyond a reasonable doubt, *first*, that Walter T. Davis was the bailee of money, or other property the subject of larceny, belonging to Hattie Luff, as charged and alleged in this indictment; *second*, that as such bailee the accused embezzled or fraudulently converted the same to his own use.

A bailee is one to whom personal property the subject of larceny under this law of our State is delivered under a contract of bailment; and a bailment is a delivery of some personal property the subject of larceny by one person to another, to be held according to the purpose or object of the delivery and to be returned or delivered over when that purpose is accomplished. And we will say to you that the delivery under such bailment might have been either by Hattie Luff or by some person for her. But it is incumbent upon the State to show in this case that it was delivered to the accused either by her or by some other person for her as her agent for that purpose.

Embezzlement is where one fraudulently appropriates the property of another entrusted to his care, or fraudulently misapplies it instead of applying it to its proper purpose. And it is necessary for the State to prove that the property actually came into the custody of the defendant as bailee, and while being so in his custody as bailee he embezzled or fraudulently misapplied or converted it to his own use. It is not necessary for the State to prove such embezzlement or fraudulent misapplication of all of the articles alleged. The proof of such embezzlement or fraudulent

misapplication by the accused of any one of the articles described in the indictment will be sufficient, if proven to your satisfaction beyond a reasonable doubt. In this offense the intent to defraud—that is, the bad faith—is necessary to be shown before the defendant can be found guilty. The fraudulent intent may be proved either by direct evidence or by the evidence of circumstances from which the fraudulent intent may be inferred.

In addition to this instruction, we will add that every accused person is presumed to be innocent until he is proven to be guilty beyond a reasonable doubt. Such reasonable doubt, within the meaning of the law, is not a vague, fanciful, whimsical doubt, but a doubt naturally arising out of all the evidence in the case; and such a doubt as intelligent, impartial, fair-minded jurors may reasonably entertain after a careful consideration of all the relevant evidence before them.

In this case it is claimed that the testimony is conflicting. For your guidance, we will simply state that where you find the evidence conflicting you are to reconcile the conflicting evidence if you can; if you cannot, you may believe so much of it as you think, in view of all the circumstances before you, is entitled to credit, and reject all or so much as you may think is not entitled to credit and worthy of your belief.

With these instructions for your guidance we leave this case in your hands for your verdict.

Verdict, not guilty.