STATE *vs.* ANTON NORKEWICZ.

*Criminal law — Indictment — Embezzlement — Agent— Servant— Money; Description of—Proof—Statute; Construction of.*

In an indictment for embezzling money, it is not necessary, under the statute, to describe the property any more particularly than as *money;* but if the indictment does particularize and describe the *kind* of money, it becomes a material part of the averment, and must be proved as laid. It is made material by the definition of the offense; and having so defined it, the State is not protected by that part of the statute (*Rev. Code 942*) which provides that "it shall be sufficient to allege the embezzlement to be of money without specifying any particular coin or notes," etc.

(<em>September 23, 1901.</em>)

LORE, C. J. and PENNEWILL and BOYCE, J. J., sitting.

*William F. Kurtz* for the State.

*Charles F. Curley* for the defendant.

Court of General Sessions, New Castle County, September Term, 1901.

INDICTMENT FOR EMBEZZLEMENT (No. 64, September Term, 1901). The first count of said indictment was in the following form, to wit:

"THE GRAND INQUEST FOR THE STATE OF DELAWARE, and the body of New Castle County, on their oath and affirmation, respectively, Do PRESENT:

"That Anton Norkewicz, late of Wilmington Hundred, in the County aforesaid, on the fifteenth day of July in the year of our Lord one thousand nine hundred, with force and arms at Wilmington Hundred, in the County aforesaid, then and there being an agent to the Polish Library Association, a corporation of the State of Delaware, did, by virtue of his said employment as agent then and there, and whilst he was so employed as agent as aforesaid, receive certain paper money, the kind and denomination of which is to the jurors unknown, of the aggregate value of thirty-two dollars and eighty cents lawful money of the United States of America, sundry coins the denomination of which is to the jurors unknown, of the aggregate value of thirty-two dollars and eighty cents like lawful money of the United States of America, then and there belonging to the said The Polish Library Association for and in the name and on the account of the said The Polish Library Association and which was then and there in his custody as the agent to the said The Polish Library Association and the said money then and there unlawfully did embezzle; against the form of an act of the General Assembly in such case made and provided, and against the peace and dignity of the State."

The second, third and fourth counts of the indictment were similar to the first count, except that the defendant was described therein as a *servant*, instead of an *agent* to The Polish Library Association.

At the trial, *Curley*, for the defendant, at the conclusion of

the State's evidence, made a motion that the Court instruct the jury to find the defendant not guilty, because of a variance between the proof and the allegations in the indictment; in that the indictment alleged the embezzlement of " certain paper money " * * * " of the aggregate value of thirty-two dollars and eighty cents, lawful money of the United States of America, sundry coins " * * * . " of the aggreate value of " the same amount, etc., " belonging to the said The Polish Library Association," making a total of $65.60 ; while the proof was that Norkewicz received from the secretary of the association certain aluminum checks worth in exchange for beer and other things on sale at the said association rooms the sum of $32.80. · That there was therefore a variance as to the amount ; also as to the description of the property, in the indictment ; that *sundry coin* laid therein was not sustained by proof of alluminum checks.

*Mr. Kurtz* :—The proof is that the defendant sold these checks and received money for the same. I believe the testimony does not disclose whether he received coin or paper money. But I contend under this statute (*Rev. Code, 942*), that is mere surplusage.

LORE, C. J. :—The majority of the Court think the proof does not sustain the indictment. It is true, under the statute, that you are not bound in describing the property embezzled to say anything more than *money*, but when you do particularize and describe the kind of money, as you have done here, that becomes a material part of your averment, and must be proved as laid. You made it material by your definition of the offense ; and having so defined it, you are not protected by this statute.

That principle is laid down in *1 Wharton on Criminal Law, Section 629*, as follows :

" An allegation in an indictment which describes, defines, qualifies, or limits a matter material to be charged, is a descriptive averment, and must be proved as laid. Thus, in an indictment for resisting a deputy sheriff in the discharge of his duty, an averment

that the sheriff was legally appointed and duly qualified, is descriptive and must be proved ; as in such case the whole averment of an assault upon a deputy sheriff cannot be omitted without affecting the charge against the prisoner."

And you will note that the language of this statute (*Rev. Code 942*) is,—

" In every indictment for a violation of this section, when the offense shall relate to coin or notes circulating as money, it shall be sufficient to allege the embezzlement to be of money without specifying any particular coin, or notes circulating as money, and such allegation, so far as regards the description of the property, shall be sustained," etc. It does not say if you make it more parlar in description that it must not be proved as laid.

Gentlemen of the jury :—The Court hold that the proof in this case does not sustain the indictment. We therefore direct you to return a verdict of not guilty.

Verdict, not guilty.