STATE *vs.* JOHN SIENKIEWIEZ, STANLEY K. PAKLEWSKI and LUDWIG KOSIN.

*Criminal Law—Embezzlement as Bailee—Statute—Fraudulent Conversion; Evidence of—Sunday—Void Contract—Bailment by Delivery Without Contract—Evidence.*

1. In a trial for embezzlement as bailee, before the jury can render a verdict of guilty against the defendant they must be satisfied from the testimony beyond a reasonable doubt, *first*, that such defendant was the bailee of the property in question, which was the subject of larceny; and, *second*, that as such bailee he fraudently converted the same to his own use.

2. A bailment in such case, consists in the delivery of some personal property, the subject of larceny, by one person to another, to be held according to the purpose or object of the delivery; and to be returned or delivered over when that purpose is accomplished. A bailee is one to whom such property is so delivered.

3. Any exercise of dominion or control over property by one in the possession of another, inconsistent with the rights of the owner, or with the nature and purpose of the bailment, is evidence of conversion. But in order that it shall amount to a fraudulent conversion to the bailee's own use, it must be effected with the intent to defraud the owner. The intent to defraud, that is, the bad faith of the bailee, is necessary to be shown before the defendant can be found guilty. Such fraudulent intent may be shown by direct evidence, such as the declarations and admissions of the defendant, or by any circumstances from which the fraudulent intent may be inferred.

4 It is not necessary for the State to prove the fraudulent conversion by the accused of all the property described in the indictment. The proof of the fraudulent conversion of any of the articles so described will be sufficient.

5. Although a contract of bailment made on Sunday is void, yet a delivery of property by the bailor to the bailees upon a condition or trust that it should be returned, and an acceptance by the bailees of such property, will constitute a valid bailment of the property. Although the owner may place his property in the hands of another under a contract which is void, he does not forfeit his property in the thing which he has thus delivered. While the party to the unlawful contract shall not receive the aid of the law to enforce that contract, or to compensate him for the breach of it, and while the contract may be void, the general property in the thing bailed remains in the former owner. The consequences of a void contract do not extend to a forfeiture of the owner's general right of property. Even though the contract sought to be made be void in law, yet if the property be delivered by the owner, the law imposes upon the person to whom It is delivered the duty or obligation to return it to the owner.

(*May 26, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Herbert H. Ward*, Attorney-General, for the State.

*L. Irving Handy* for the defendants.

Court of General Sessions, New Castle County, May Term, 1902.

INDICTMENT FOR EMBEZZLEMENT AS BAILEES (No. 22 May Term, 1902).

The testimony of Isabella Behringer, the prosecuting witness, as to the alleged embezzlement was, in substance, as follows:

That she was a costumer, doing business at No. 303 Taylor Street in the city of Wilmington, and hired costumes to persons who desired to use them for balls, parties and theatrical purposes, and was engaged in said business on Sunday, February 9th, 1902. That upon the date mentioned two of the defendants, Kosin and Sienkiewiez, came to her house and asked to see some costumes, saying that they belonged to the Polish Turners of Wilmington and lived on Maryland Avenue. That they said they wanted the costumes to use in a play that they were going to give for the benefit of a new Polish Church which was about to be built. That the play would probably be given on Sunday night, if the police authorities would allow it, and, if not, then on Monday night, the tenth of February. Witness told them if they played on Sunday night to return the things on Monday morning, and if they played on Monday night to return them on Tuesday morning, to which the defendants assented. They were then allowed to select such articles as they wanted, consisting of one dressing gown, one lady's wig, three gent's wigs, one set black moustaches and one pair of top boots; the whole being valued at $20. That the rent of said articles, amounting to one dollar and ninety cents ($1.90),was charged to the Polish Turners' Society, because the defendants informed the witness that the priest would get one-half of the profits and he would pay them, and requested her to so make out her bill and they would hand it to the priest, and when they returned the articles the priest would give them the money to pay her charges. With this understanding they were allowed to take the goods away. That the goods were not returned at the time agreed upon.

The Attorney-General then sought to prove by the witness Annie Derrick, that the defendant, Paklewski, came to her house on the day the goods were obtained, and inquired the address of Mrs. Behringer, the costumer, for the purpose of procuring the costumes from her.

This line of testimony was objected to by counsel for the defendants as immaterial, because, upon the testimony of Mrs. Berin-

ger, the defendant, Paklewski, never sustained the relation of bailee.

*Commonwealth vs. Hayes, 80 Mass., 62.*

GRUBB, J.:—The Court are unanimously of the opinion that the evidence is not admissible at the present stage of the case.

(The witness Martha Schilling, called in behalf of the State, testified that the three defendants came to her house, No. 222 Maryland avenue, on February 5th, 1902, stating that they were Polish Turners, and engaged board with her until Monday the tenth of February; that on Sunday, after they had had their dinner, they went out and in about an hour's time they all came back and brought the costumes testified to by Mrs. Behringer; that their leader, Paklewski, put the dressing gown on, then put one of the wigs on.)

(*Mr. Handy* objected to this line of testimony as immaterial, because there was no evidence to show that Paklewski was present at the time of making the contract of bailment.)

GRUBB, J. :—What is the object of the State in offering to put this testimony in?

*Mr. Ward:*—The object is to show that two of the defendants acted for the three, and that the three used the goods in accordance with the contract of bailment. In other words, that there was the conversion by the three.

GRUBB, J.:—The connection with Paklewski is not close enough at this stage of the case.

"Q. Confining your testimony to Sienkiewiez and Kosin, I would ask you what they did with these costumes?"

"A. They did not do anything. They just took a seat when

they walked in the room, but the leader, the one with the glasses, tried on the things that I named."

(Objected to by counsel for defendants as immaterial.   Motion to strike out the answer.)

GRUBB, J.:—We hold, when these three men were together, that whatever the other two did in regard to these goods, although Paklewski might not have been the bailee, it is proper to show those circumstances which connect the other two with the goods, as circumstances from which their guilt or innocence may or not be inferred by the jury.  On that ground it is admissible.  The question of good faith is involved, and all the acts showing whether they got the goods in good faith or bad faith are relevant in this case.  Their intent and good faith are at the bottom of this transaction.

" Q.  Why do you call him (Paklewski) the leader ? "

(Objected to by counsel for the defendants as irrelevant.)

GRUBB, J.:—Suppose the State undertakes to show that this man was the employer and employed them to obtain the goods and fraudulently convert them ;  cannot that be proven if it is true?  And cannot it be proven by his acts as well as his words?  If that is not shown and Paklewski is not connected in some way, it would be inadmissible and we would rule it out.

" A.  Because he (Paklewski) told us he was the boss of the two, that he was the head one and these two worked for him."

The State offered further evidence tending to show that the defendants all left the city on February 11th, 1902, and on the 18th of the same month the defendants and the costumes in question were found by  State Detective Francis locked up in the police station in Baltimore, and were all brought back to Wilmington and

identified by Mrs. Behringer; that on the way back the defendant, Paklewski, stated to the detective that he had to be back in Baltimore that evening at seven o'clock because he was the manager of the show and was going to give a performance in that city that night.

The State rested and *Mr. Handy* moved that the Court give binding instructions to the jury to bring in a verdict of not guilty as to Stanley K. Paklewski, because there was no evidence that he was the bailee of the goods as alleged in the indictment, and no evidence of any conversion of the goods to his own use, as alleged in the indictment.

*Mr. Handy* further moved the Court to give binding instructions to the jury to bring in a verdict of not guilty as to John Sienkiewiez and Ludwig Kosin for the following reasons:

1. That the evidence was that the bailment of the goods to them was attempted on Sunday, and the contract was therefore void and of no effect. Mrs. Behringer could not on Sunday assent to their becoming her bailees for the goods mentioned in the indictment; and their promise to return the said goods to her at the time named was not binding because made on Sunday. Hence there was no such bailment as is required by law to support an indictment for embezzlement as bailees.

2. That there was no evidence that they or either of them converted to their own use the goods as alleged in the indictment, and no evidence that they or either of them used the goods in any other way, at any other time, or in any other place, than in the way, at the time and in the place authorized by Mrs. Behringer, the owner of the goods. The testimony of Theodore Francis does not connect them or either of them with the goods, when he secured the same in Baltimore, Maryland.

3. That there was no evidence that they, or either of them

converted to their own use the goods in New Castle County as alleged in the indictment. The bailment—if there was a bailment—is proved to have occurred in this county, but the bailment was not a crime. If there was any crime it was the act of conversion. There is not a word of evidence to show where such act of conversion occurred, if it occurred at all.

(After an extended argument by counsel, the Court rendered the following decision) :

GRUBB, J.:—Defendants' counsel has presented two motions to the Court. *First,* that the Court instruct the jury peremptorily, to bring in a verdict at once of not guilty as to Stanley K. Paklewski. We refuse to give that instruction to the jury at this stage of the trial.

*Mr. Handy :*—I desire to note an exception.

GRUBB, J.:—We will let you note an exception subject to the the law as to whether it is a valid exception or not. We did it in the Foster case but there has been some question as to whether you have the right to have an exception noted to this ruling upon the motion you make.

Let an exception be noted for what it is worth in law.

Your *second* motion is that we give binding instructions to the jury to bring in a verdict of not guilty as to John Sienkiewiez and Ludwig Kosin. We decline to give such instructions to the jury as to these two defendants.

*Mr. Handy :*—I desire to note an exception.

GRUBB, J.:—Let the exception be noted subject to the validity of it.

*Mr. Handy :*—I wish to make the motion that the jury be

instructed to bring in a verdict of not guilty as to all three of the defendants.

GRUBB, J.:—We refuse to give such instructions.

*Mr. Handy:*—I desire to note an exception.

GRUBB, J:—You may note the exception subject to its validity.

(The defendants admitted the facts testified to by the State's witnesses as to the manner in which they obtained the goods in question and stated that the goods were taken to Baltimore through mistake, and with no criminal intent to convert them to their own use, and that before they could return them to the owner in Wilmington they were arrested and were then unable to do so).

PENNEWILL, J., charging the jury :

Gentlemen of the jury:—John Sienkiewiez, Stanley K. Paklewski and Ludwig Kosin, the defendants, are charged in this indictment with having as bailees of certain personal property of Isabella Behringer, fraudulently converted the same to their own use in this county.    The indictment is based on the following provision of a statute of this State passed May 3, 1893, *Rev. Code 943*, viz : " That if any person, being a bailee of money or other property the subject of larceny, shall embezzle or fraudulently convert the same to his own use, he shall be deemed guilty of a misdemeanor," etc.

Before you can render a verdict of guilty against the defendants, or any of them, you must be satisfied from the testimony beyond a reasonable doubt, *first*, that such defendants or defendant were the bailees of property belonging to Isabella Behringer which was the subject of larceny; and *second*, that as such bailees they fraudulently converted the same to their own use.

A bailment, in such case, consists in the delivery of some personal property, the subject of larceny, by one person to another, to be held according to the purpose or object of the delivery ; and to

be returned or delivered over when that purpose is accomplished. A bailee is one to whom such property is so delivered.

It is not denied that the property alleged in this case to have been fraudulently converted by the defendants to their own use is of such character as would, under the law of this State, be the subject of larceny ; and we say to you therefore, that you may assume as an undisputed fact that the property described in this indictment is such as would be the subject of larceny.

As you have no doubt already noted, the material part of the charge against these defendants, and we may say the gist of this action, is the fraudulent conversion by the defendants to their own use of the property described in the indictment. It is incumbent on the State to satisfy you not only that the property came into the possession of the defendants as bailees by delivery from the owner thereof, and while so in their possession, was converted by them to their own use; but also, that it was fraudulently converted by them to their own use.

Any exercise of dominion or control over property by one in possession thereof, inconsistent with the rights of the owner or with the nature and purpose of the bailment, is evidence of a conversion ; but in order that it shall amount to a fraudulent conversion, to the bailee's own use, it must be effected with the intent to defraud the owner. The intent to defraud,—that is, the bad faith of the bailees —is necessary to be shown before the defendants can be found guilty. Such fraudulent intent may be proved by direct evidence, such as the declarations and admissions of the defendants, or by any circumstances from which the fraudulent intent may be inferred.

It is not necessary for the State to prove the fraudulent conversion by the accused of all the property described in the indictment. The proof of the fraudulent conversion of any of the articles so described will be sufficient, if so proven to your satisfaction beyond a reasonable doubt.

It is strongly urged by the counsel for the prisoners that there

was no such bailment in this case as is required by law to support an indictment for the fraudulent conversion of property by the defendants as bailees, because the contract of bailment proved by the State was a void contract, being made on Sunday.

It is admitted by the State that the contract proved was made on Sunday and is void. But the State insists that even though such contract is void, and even though there be no contract at all, nevertheless there is a good and sufficient bailment proved in this case, and one capable of sustaining the indictment. This claim is based on the doctrine that a delivery of the property by Mrs. Behringer to the defendants upon a condition or trust that it should be returned, and an acceptance by the defendants of said property, constituted a valid bailment of the property and made the defendants the bailees thereof. That even though the contract attempted to be made between Mrs. Behringer and these defendants was invalid and of no effect, yet the property was in fact delivered by her under such circumstances as to create in the persons to whom she delivered it the relation of bailees of the property.

We think the law upon this subject is very clearly and correctly stated in the case of *The Queen vs. McDonald, L. R., 15, Queen's Bench Division, 323,* upon which the State relies. In that case Lord Coldridge, C. J., said :

" It is said that the prisoner cannot be convicted of larceny as bailee, because being an infant he was not competent to enter into a contract of bailment; that the offence charged against him depending upon his having acted in a manner inconsistent with the terms of a contract, he being unable to enter into such a contract cannot be guilty of the offence. It seems to me that this contention is based upon an assumption which is not correct in law. It is not correct, as it appears to me, to use the expression " contract of bailment " in a sense which implies that every bailment must necessarily in itself be a contract. I do not so understand the definition of the term ' bailment.' It is perfectly true that in almost all cases a contract either express or implied by law accompanies a bailment, but it seems to

me that there may be a complete bailment without the contract."
* * * " He is guilty of the offence, not because he has broken
a contract, which he was incapable of making, but because, being
capable of becoming a bailee of these goods and having become one,
he dealt with the goods in such a manner as by the terms of the Act
to render him guilty of the crime of larceny."

In the same case, CAVE, J., said : " Surely there was a bail-
ment in the sense that there was a delivery upon condition. The
infant was in lawful possession of the goods only by reason of the
owner's having delivered them to him upon certain conditions."

In *Hale on Bailments and Carriers, at page 14,* it is said : " It
may be safely said that wherever possession of a thing is knowingly
acquired, unaccompanied by the right of ownership, a bailment re-
lation is established, and the person in possession holds the thing
acquired simply as a bailee. The delivery is the keynote of the
whole transaction."

" It is a general and well-established rule that no action can
be maintained on a contract made in violation of law. When a con-
tract is made on Sunday, and the making of it on that day is for-
bidden by statute, the contract is void, though the thing contracted
to be done may be lawful. And yet, although the owner may place
his property in the hands of another under a contract which is void,
he does not forfeit his property in the thing which he has thus
delivered. While the party to an unlawful contract shall not re-
ceive the aid of the law to enforce that contract, or to compensate
him for the breach of it; and while the contract may be void, the
general property in the thing bailed remains with the former owner.
The consequences of a void contract do not extend to a forfeiture
of the owner's general right of property, and for a wrongful in-
vasion of that right he may maintain trover against the bailee."

*Woodman vs. Hubbard, 25 N. H. (5 Foster), 67,* and cases
therein cited. *Hale on Bailments and Carriers, 181; 2 Parsons on
Contracts, 763 (5 Ed.).*

We say to you, gentlemen of the jury, that there may be a

bailment without a contract; and even though the contract sought to be made be void in law, yet if the property be delivered by the owner, the law imposes upon the person to whom it is delivered the duty or obligation to return it to the owner.

It is for you to say, upon all the evidence in the case, after applying thereto the law as we have declared it to you, whether the defendants or any of them are guilty of the charge laid in this indictment.

If you are satisfied from the evidence beyond a reasonable doubt that the property described in the indictment, or any part of it, was delivered by Mrs. Behringer to the defendants upon a condition or trust to be returned to her, and so accepted by them, and you shall further believe that they did not return said property, but fraudulently converted the same to their own use, as alleged in the indictment, your verdict should be guilty as to all, or such of the defendants as you believe to be guilty under the evidence and the law as we have stated it.

If, after carefully considering all the testimony, you should entertain a reasonable doubt as to the guilt of the defendants or any of them, your verdict should be not guilty as to any one or more of said defendants regarding whose guilt you entertain such reasonable doubt.

The jury disagreed.