STATE *vs.* JAMES ADAMS and THEODORE ADAMS.

*Criminal Law—Homicide—Murder—Malice—Defendants Jointly Indicted—Accomplice—Dying Declarations—Drunkenness as Excuse for Crime—Flight of Accused; Effect of—Deadly Weapon.*

1. Murder, manslaughter and malice defined.

2. If the jury is satisfied from the evidence that one of the defendants actually inflicted the mortal wound, and that the other defendant was at the time present abetting, procuring, commanding or counseling him in so doing, the one so abetting would be an accomplice and equally guilty with the principal under the law. The jury should be satisfied, however, that such accomplice did or said something showing his consent to the felonious purpose and contributing to its execution.

3. The credit to be given by the jury to dying declarations.

4. The general rule is that drunkenness is no excuse for crime. The question of the degree of the alleged intoxication of the defendant at the time of the alleged murder, as well as the condition of mind, and mental capacity from that cause, to form a specific intent or deliberate design to kill, is to be decided by the jury upon all the evidence before them on that subject.

5. It is for the jury to determine how much weight and credit is to be given to any confession of the accused, after considering all the circumstances connected therewith; and in like manner it is for them to determine the weight of the evidence as to the alleged flight of the defendant from the State immediately after the homicide, considering therein his motive and reason therefor as disclosed by the testimony.

(*November* 29, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards*, Attorney-General, and *Daniel O. Hastings*, Deputy-Attorney-General, for the State.

*James Saulsbury* for James Adams and *Leonard E. Wales* for Theodore Adams.

Court of Oyer and Terminer, New Castle County, November, 1906.

JOINT INDICTMENT FOR MURDER OF THE FIRST DEGREE.

LORE, C. J., charging the jury:

Gentlemen of the jury:—James Adams and Theodore Adams, the defendants, are indicted for murder of the first degree.

The State charges that on the nineteenth day of June of the present year, they so cut and wounded one James Redden with a knife that he died the following day.

Under this indictment you may find one or both of the defendants guilty of murder of the first degree, or of murder of the second degree, or of manslaughter, or you may find them or either of them not guilty.

It is therefore necessary that you should be instructed as to these three grades of felonious homicide.

Murder of the first degree consists in killing a human being with express malice aforethought, or in perpetrating or attempting to perpetrate a crime punishable with death; that is, where the murder is committed with sedate deliberate mind and formed design to take life. Such design may be indicated by the deliberate selection and use of a deadly weapon, by previous quarrels or grudges, by antecedent menaces or threats. It is not necessary that such design to take life should have existed in the mind of the assailant for any considerable time prior to the killing. It is sufficient if it so existed at the time the mortal wound was inflicted.

Murder of the second degree is where there is no such deliberate mind and formed design to take life, but where the killing is malicious, and without justification or excuse; without any provocation, or without sufficient provocation to reduce the homicide to manslaughter. In such case malice is implied by law.

Manslaughter is where the homicide is wilful and unlawful, but is committed under such circumstances of provocation or alleviation as to rebut the implication of malice; as where one in a mutual altercation in the heat of blood, or in a transport of passion upon sufficient provocation, without malice, inflicts a mortal wound without time for reflection or for the passions to cool. In all such cases there must be the absence of a deliberate

intent to kill; the killing must result from heat of blood or transport of passion.

Bearing these definitions in mind, your inquiry will be of which of these grades, if of any, the defendants are guilty.

The defendants are indicted jointly. You may find one of them or both of them guilty, or one of both of them not guilty of any one of these crimes, if the evidence shall so warrant.

It is not disputed by the defendants that James Redden died on or about the twentieth day of June last from a wound inflicted by a knife as alleged in the indictment; but each defendant claims that he did not inflict the mortal wound but that the other defendant did.

By the statutes of this State, "Every person who shall abet, procure, command or counsel any other person or persons to commit any crime, or misdemeanor, shall be deemed an accomplice and equally criminal with the principal offender." If from the evidence you shall be satisfied that one of the defendants actually inflicted the mortal wound, and that at that time the other defendant was present abetting, procuring, commanding or counseling him in so doing, the one so abetting would be an accomplice and equally guilty with the principal under the law. You should, however, be satisfied that such accomplice did or said something showing his consent to the felonious purpose and contributing to its execution.

We have been asked by counsel for the defendants to charge you as to the credit to be given to the dying declaration of James Redden the deceased which has been offered in evidence in this case. In the case of *State vs. Frazer*, 1 *Houst. Cr. Cas.*, 186, the Court said: "In such a situation and in view of the death, which he fully apprehends, and believes in his own mind to be surely and inevitably approaching and near at hand, the conscious solemnity of the occasion, and his duty to speak the truth and nothing but the truth, is rightly assumed in law to invest his declaration made under such circumstances, with as high a sanction, and as much credibility, as if made under the obligation of an oath duly and formally administered in a court of justice under ordinary circumstances."

These declarations are therefore to be considered and weighed by you as any other testimony, in connection with all the other evidence relating to that subject matter.

The general rule is that drunkenness is no excuse for crime. The question of the degree of the alleged intoxication of the defendants or either of them, at the time of the alleged murder, as well as the condition of mind and mental capacity from that cause, to form a specific intent or deliberate design to kill or stab the deceased with the knife, is to be decided by you upon all the evidence before you on that subject; with the instruction, that you must be satisfied from the evidence that such capacity and intention existed, in order to convict of murder in the first degree.

It is for the jury to determine how much weight and credit is to be given to any confession of the accused, after carefully considering all the circumstances connected therewith.

In like manner, it is for the jury to determine the weight of the evidence as to the alleged flight of the defendant Theodore Adams from the State immediately after the homicide, considering therein his motive and reason therefor as disclosed by the testimony.

Every accused person is presumed to be innocent of the crime charged until he is proved to be guilty.

It is incumbent upon the State to prove every element of the crime charged.

In murder malice is a material element, and must be proved beyond a reasonable doubt. It may be proved by any and all the circumstances surrounding the case which show that the act complained of was intentional, and was wickedly and recklessly done.

To convict of murder of the first degree express malice must be proved, so as to show that the killing was committed with a sedate deliberate mind and formed design.

To convict of murder of the second degree, such wilful, deliberate and cruel conduct must be proved as to show implied malice.

VERDICT,

If death is produced by the use of a deadly weapon, great must be the provocation to reduce the homicide from murder to manslaughter.

If the killing takes place in a fight between the parties, to reduce the crime to manslaughter, it should appear from all the circumstances of the case that it was perpetrated in a transport of passion, or in the heat of blood, and upon sufficient provocation, without malice, and without time for the passions to cool. *State vs. Harmon*, 4 *Penn'll*, 506.

Where the testimony is conflicting, it is the duty of the jury to reconcile it if they can; if this can not be done, then they should give credit to such of the testimony as they deem most worthy of belief under all the circumstances.

In order to convict the defendants, or either of them, of any crime, you should be satisfied of their guilt beyond a reasonable doubt. If after a careful and conscientious consideration of all the evidence there remains in your minds a reasonable doubt of guilt, your verdict should be not guilty. Such a doubt, however, should be a reasonable one and not vague, fanciful or speculative.

If the evidence shall so warrant, you may find one of the defendants guilty and the other not guilty, or you may find both of the defendants guilty or both not guilty as you may deem just.

Verdict, guilty of murder in the second degree.