STATE *vs.* JOHN BREWINGTON.

1. LARCENY—DEFINITION.

At common law, as well as by statute, "larceny" is the wrongful taking and carrying away of the personalty of another, with a felonious intent to convert it to the taker's use without the owner's consent.

2. EMBEZZLEMENT—OFFENSES—LARCENY BY BAILEE OR AGENT.

16 *Del. Laws, c.* 153, makes it embezzlement for a servant or agent, having property in his possession as such, to wrongfully convert it to his own use, though the property has never been in the possession of the master or employer. *Acts Gen. Assem., May* 3, 1893 (19 *Del. Laws, c.* 782), makes one guilty of a misdemeanor who, being a bailee of money or property, the subject of larceny, embezzles or fraudulently converts it to his own use. *Held*, that the statutes made it "embezzlement" to fraudulently appropriate to his own use personalty of another coming into the appropriator's hands lawfully with the owner's consent, as his bailee or in any other fiduciary capacity.

3. EMBEZZLEMENT—PROSECUTION—ELEMENTS OF OFFENSE.

In a prosecution for embezzlement of money held as bailee, it must appear that accused was the bailee of property belonging to the alleged owner, which was the subject of larceny, and that he fraudulently converted it to his own use.

4. EMBEZZLEMENT—EMBEZZLEMENT AS BAILEE—"BAILMENT"—"BAILEE."

A "bailment," as contemplated by the statute, punishing embezzlement by a bailee, consists in the delivery of personal property which is the subject of larceny, by one to another, to be held or used by the latter as directed, under a contract, express or implied, that it shall be redelivered after the purpose of delivery has been fulfilled, or disposed of pursuant to the direction of the person delivering it; the one to whom the property is delivered being a "bailee."

5. EMBEZZLEMENT—EMBEZZLEMENT BY BAILEE—MONEY INTRUSTED TO PERSON TO CHANGE—BAILMENT.

The delivery by another to accused of $5 for the purpose of getting it changed and returning the change to the owner, and its acceptance by accused for that purpose, constituted a bailment, within the statute punishing embezzlement by a bailee, so as to make accused guilty of embezzlement as such, if he misapplied the money with intent to defraud the owner thereof.

6. EMBEZZLEMENT—EMBEZZLEMENT BY BAILEE—CONVERSION—EVIDENCE·

A conversion by a bailee of property intrusted to him may be proven by direct or circumstantial evidence, and the act of accused using money of which he was bailee in a manner inconsistent with the owner's rights or the purpose of the bailment was evidence of a conversion thereof by him, so as to make him guilty of embezzlement as a bailee, if the conversion was with intent to defraud the owner.

7. EMBEZZLEMENT—EMBEZZLEMENT BY BAILEE—INTENT TO DEFRAUD—NECESSITY.

It is essential to the offense of embezzlement by a bailee that the money was converted with intent to defraud the owner.

8. EMBEZZLEMENT—EMBEZZLEMENT BY BAILEE—EVIDENCE—INTENT TO DEFRAUD.

The intent to defraud in converting the bailed property, essential to the offense of embezzlement by a bailee, may be proved either by direct or circumstantial evidence.

9. CRIMINAL LAW—EVIDENCE—"REASONABLE DOUBT."

The term "reasonable doubt" means, not a vague, fanciful, or speculative doubt, but a substantial doubt, such as intelligent and impartial men might entertain after fully considering the evidence.

10. CRIMINAL LAW—EVIDENCE..—SUFFICIENCY—REASONABLE DOUBT.

The elements of the offense must be proven beyond a reasonable doubt in order to convict.

11. CRIMINAL LAW—PROSECUTION—DEFENSES—INTOXICATION.

While, as a rule, voluntary intoxication does not excuse or mitigate a crime, where a particular intent is an essential element of the offense, as in embezzlement by a bailee, evidence of accused's intoxication at the time is competent on the question whether he was capable of an intent to convert, so that accused was not guilty of embezzlement as a bailee if, when he converted to his own use money intrusted to him he was incapable by intoxication of forming an intent to defraud the owner thereof; but he was guilty if though

under the influence of intoxicants he retained mental capacity to distinguish between right and wrong, as to the embezzlement and was able to form a fraudulent intent to convert the money.

(*November* 15, 1910.)

Judges CONRAD and WOOLLEY sitting.

*Walter H. Hayes* for the state.

*Horace G. Eastburn* for the defendant.

Court of General Sessions, New Castle County, November Term, 1910.

INDICTMENT (No. 20, November Term, 1910), for embezzlement as bailee, it being charged that the defendant, as the bailee of the property of the person therein named, embezzled and fraudulently converted the same to his own use. It was shown that the prosecuting witness gave $5.00 to the defendant to have it changed for her; that he, having accepted the money for that purpose, kept it and fraudulently converted it to his own use.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—The indictment under which this case is tried, describes the defendant as the bailee of the property of Clara Earl, and charges that as bailee he embezzled and fraudulently converted the same to his own use. The state represents that Clara Earl gave $5 to the defendant with instructions to have it changed; that the defendant accepted the money for that purpose, but instead of having it changed, he kept it and fraudulently converted it to his own use. The defendant claims that if the money was in fact so given to him, he had no recollection either of receiving or misappropriating it, as he was at the time under the influence of liquor to an extent that not only robbed him of any recollection of the transaction, but made him incapable to form an intent to commit crime.

At common law as well as in this state, larceny has been defined to be the wrongful taking and carrying away of the personal property of another with a felonious intent to convert it to the taker's own use, without the consent of the owner. *State v. Kavanaugh,* 4 *Penn.* 131, 53 *Atl.* 335. In this definition of the crime of larceny there are two gaps through which have escaped many wrongdoers who have taken and converted to their own use the

property of others. The first gap is made by the theory that in order to convict one of the crime of larceny, he must have taken property that at one time was in the possession of the owner; and the second is made by the requirement of the definition that the taking, at its inception, must have been wrongful and with a felonious intent to convert the property to the taker's own use. In order, therefore, to make penal two phases of theft that were not before penal, two statutes were enacted, the first of which, being directed to the cure of the first defect in the law of larceny, was enacted by the General Assembly of 1879, and established the crime of embezzlement where property within the reach or possession of a servant or agent was by him wrongfully converted, even though the property had not been received into the possession of the master or employer (*Laws Del. Vol.* 16, *c.* 153), and the second of which, being directed to the cure of the second defect in the same law, was enacted by the General Assembly of 1893, to meet the case of an unlawful conversion after a lawful taking, and provided "that if any person, being a bailee of money or other property the subject of larceny, shall embezzle or fraudulently convert the same to his own use, he shall be deemed guilty of a misdemeanor, and upon conviction" shall be punished (*Laws Del. Vol.* 19, *c.* 782). It thus appears that by these statutes embezzlement is made a crime supplementary to the common-law crime of larceny, and may be defined to be the fraudulent appropriation to one's own use of the goods or money of another, which came into his hands lawfully and which were intrusted, with the owner's consent, to his care as the owner's agent, servant, bailee, trustee or other fiduciary representative.

In this case the defendant is charged with embezzlement of money in his capacity as bailee, to sustain which the state must prove to you beyond a reasonable doubt, first, that the defendant was the bailee of property belonging to Clara Earl, which was the subject of larceny; and, second, that as such bailee he embezzled or fraudulently converted same to his own use.

A bailment in such a case consists in the delivery of some personal property, the subject of larceny, by one person to another, to be by him held or handled according to the purpose of the delivery, upon a contract, express or implied, that after the purpose has been

fulfilled it shall be redelivered to the person who first delivered it, or be otherwise dealt with according to his direction. A bailee is one to whom such property is so delivered. If you find that Clara Earl delivered to the defendant five dollars which belonged to her, with instructions to him to have it changed and return the change to her, then the delivery was of property that was the subject of larceny, and for a purpose that constituted a bailment, and the defendant lawfully acquired possession of the money as bailee. If you determine that the defendant thus lawfully came into possession of the money of Clara Earl, it then remains for you to determine whether he was guilty of embezzlement by unlawfully converting the same to his own use, to ascertain which, you must determine, first, whether he did in fact misapply the money, and, second, whether he did it with an intent to defraud Clara Earl of her property. The conversion or misappropriation by a bailee of property intrusted to him, may be proven by direct evidence of the fact, or by proof of facts from which the conversion may be inferred. Any use to which the defendant put the money of which he was bailee, that was inconsistent with the rights of the owner or with the nature and purpose of the bailment, is evidence of a conversion; but in order that it shall amount to a fraudulent conversion to the bailee's own use, it must be effected with the intent to defraud the owner. The intent to defraud the owner of her property is the element of the offense that makes the misappropriation criminal, and must be shown before conviction is warranted. Intent to defraud may be proved by direct evidence when the case is susceptible of it, but as from its nature intent is rarely capable of direct proof, it may be shown by evidence of any facts and circumstances from which the fraudulent intent may naturally and properly be inferred. *State v. Foster*, 1 *Penn.* 289, 40 *Atl.* 939; *Foster v. State*, 2 *Penn.* 111, 43 *Atl.* 265; *State v. Davis*, 3 *Penn.* 220, 50 *Atl.* 99; *State v. Norkewicz*, 3 *Penn.* 299, 51 *Atl.* 601; *State v. Sienkiewiez*, 4 *Penn.* 59, 55 *Atl.* 346.

If you find that the state has established against the defendant the elements of the crime of embezzlement as they have been defined to you, beyond a reasonable doubt, by which is meant not a vague, fanciful or speculative doubt, but such a substantial doubt

as intelligent and impartial men might entertain and express after a full consideration of the evidence, your verdict should be guilty.

The defendant neither admits nor denies that he received and converted to his own use the money intrusted to him; but defends on the ground that he was so intoxicated at the time the offense is alleged to have been committed, that he is mentally unable to recollect what transpired, and was mentally incapable of forming the intent necessary to make his act criminal.

Drunkenness as a defense has been well considered and long settled in the criminal law of this state. To meet that defense in this case, it is sufficient for us to state to you that voluntary intoxication constitutes ne ther excuse for, nor palliation of crime; nevertheless, in cases in which a specific or particular intent or purpose is an essential or constituent element of the offense, as in embezzlement, intoxication becomes a matter for consideration and is competent evidence on the question, whether, by reason thereof, the defendant was incapable of forming and entertaining such an intent or purpose at the time the act was perpetrated. Therefore, if you find that the defendant was intrusted with the money of the prosecuting witness and converted it to his own use, but at the time was rendered by intoxication incapable of forming an intent to defraud the owner thereof, then the crime of embezzlement has not in point of fact been committed by him, and your verdict should be not guilty. If, however, you find that the defendant was at the time drunk, and that his mind was subject to hallucinations, exhilaration and other stimulating or depressing effects of intoxicants, nevertheless, if he retained a mental capacity to distinguish between right and wrong with reference to the particular act charged, and was mentally able to form and did form the fraudulent intent to defraud the prosecuting witness of her money, then your verdict should be guilty. *State v. Hurley, Houst. Cr. Cas.* 28, 36; *State v.. Thomas, Houst. Cr. Cas.* 511, 526, 529; *State v. Bowen, Houst. Cr. Cas.* 91, 96; *State v. Kavanaugh,* 4 *Penn.* 131, 53 *Atl.* 335; *State v. Di Guglielmo,* 4 *Penn.* 336, 55 *Atl.* 350; *State v. Jack,* 4 *Penn.* 470, 475, 58 *Atl.* 833; *State v. Truitt,* 5 *Penn.* 466, 62 *Atl.* 790; *State v. Adams,* 6 *Penn.* 178, 65 *Atl.* 510.

Verdict, guilty.