# Barr *v.* The State.

## *Embezzlement.*

(Decided January 22, 1914. Rehearing denied February 11, 1914. 65 South. 197.)

1. *Embezzlement; Variance; Proof Showing Other Offenses.*— Where one is indicted under section 6828, he may be convicted if the evidence establishes the material elements of that offense, even though it may also establish the offense as defined by section 6831, Code 1907.

2. *Same; Elements.*—The elements of the offense denounced by section 6828, Code 1907, are established by proof that at the time

[Barr v. The State.]

named in the indictment the defendant was the agent of the named principal, employed to transact business for it, and that he fraudulently converted to his own use money of his principal which came into his possession by virtue of his employment.

3. *Same; Ownership of Property.*—The offense denounced by section 6828, Code 1907, is complete if defendant, as an agent, embezzles property belonging to some one other than defendant, which came into his hands by virtue of his employment, although the principal was not the owner of the property, but only the agent or bailee of the owner.

4. *Same; Defenses.*—It was no defense to a prosecution for embezzlement by an agent that the money embezzled was the proceeds of a sale made by defendant as agent for a foreign corporation, which had not been authorized to do business in this state, and whose acts and contracts were void and criminal under our statutes, since the corporation did not thereby forfeit the right to its property by so engaging in the business.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Otto T. Barr was convicted of embezzlement and he appeals. Affirmed.

TILLEY & ELMORE, for appellant. There was a material variance between the indictment and the proof in that the indictment charged the offense denounced by section 6828, Code 1907, while the evidence showed, if it showed any offense at all, the offense denounced by section 6831, Code 1907.—*Pulliam v. State,* 78 Ala. 31; *Watson v. State,* 70 Ala. 13; *Willis v. State,* 134 Ala. 429; *Walker v. State,* 117 Ala. 42. The relation of principal and agent as contemplated by the state did not exist in this case.—Sec. 3653, Code 1907; 15 Cyc. 497; 31 Cyc. 1190, 1214, 1309; 1 Words & Phrases, 261; 62 N. E. 763; *Dudley v. Collier,* 87 Ala. 431; *Washington v. The State,* 72 Ala. 272, and authorities supra. The property alleged to have been embezzled was not the property of the named principal.—Authorities next above. The court should have given charge G.—Authorities supra. The act was in contravention of our foreign corporation statute, and no title to the money paid passed to the

White Company.—*Boyd v. Barclay,* 1 Ala. 34; 9 Cyc. 559.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and RUSHTON, WILLIAMS & CRENSHAW, for the State. There was no variance between the indictment and the proof.—*Eggleston v. State,* 129 Ala. 80; *Pulliam v. State,* 78 Ala. 31; 111 S. W. 714; 89 N. C. 511. One cannot avoid liability for embezzling money from a foreign corporation because of the fact that it is not authorized to transact business in the state in which the embezzlement occurred.—27 L. R. A. (N. S.) 415; 26 L. R. A. 252; 64 N. W. 736; 81 Md. 559; 109 S. W. 38; 67 Pac. 386; 4 Penn. 59. For the purposes of this prosecution the White Company is the owner of the money.—2 N. E. 321; 71 Pac. 869; 29 Am. St. Rep. 724; 129 Mass. 104, and authorities next above. It is not necessary to allege ownership where the indictment is for embezzlement.—*Willis v. State,* 134 Ala. 429; *Wall v. State,* 2 Ala. App. 166. It follows from these citations that the court did not err in refusing charges requested by defendant.

WALKER, P. J.—As stated in the report of this case on a former appeal (*Barr v. State,* 7 Ala. App. 96, 61 South. 40), the indictment charged the defendant with the embezzlement of money of the White Company, a corporation organized under the laws of the state of Ohio, which came into his possession by virtue of his employment as agent of said company. It is apparent from the language of the indictment that the offense the commission of which it charges is the one defined by section 6828 of the Code.—*Willis v. State,* 134 Ala. 429, 33 South. 226. The evidence offered in support of the charge was as to the fraudulent conversion by the de-

fendant to his own use of money received by him on a
sale of an automobile which was the property of the
White Company, and which came into the defendant's
possession as a sales agent of that company. In behalf
of the appellant it is contended that evidence of such a
misappropriation by a bailee of "the proceeds of any
property sold by him for another" shows the commis-
sion of the offense denounced by section 6831 of the
Code, and cannot support an indictment which charges
the commission of another offense—one embraced by
the terms of section 6828 of the Code. This contention
cannot be sustained. If there is evidence of the com-
mission by the defendant of an act which has in it all
the elements of the offense charged in the indictment,
he cannot escape on the ground of a variance between
the allegations of the indictment and the evidence of-
fered in support of them, though · the same evidence
might have been available in support of another criminal
charge against him. The existence of every element of
the offense which the indictment in this case charges is
shown by evidence to the effect that the defendant, being
at the time the agent of the corporation named in the
indictment, employed to transact business for it, fraud-
ulently converted to his own use money of that corpora-
tion which came into his possession by virtue of his em-
ployment.—*Eggleston v. State,* 129 Ala. 80, 30 South.
582, 87 Am. St. Rep. 17; *Washington v. State,* 72 Ala.
272; 15 Cyc. 497. Before the statute which constitutes
section 6831 of the Code was materially changed by
amendment, it was held that an indictment charging
the offense defined by section 6828 of the present Code
could not be supported by evidence of the fraudulent
conversion by the defendant to his own use of property
of another of which the defendant had possession as
bailee, unaccompanied by any authority to act as agent

of the bailor, the owner of the property, as such evidence showed only the commission of an offense defined by the section of the Code of 1896 (3797), which corresponds with section 6831 of the present Code; and it was said, in effect, in reference to the law as it then stood, that a defendant, indicted under one of these sections, could not be convicted on evidence showing his guilt of an offense denounced by the other.—*Pullam v. State,* 78 Ala. 31, 56 Am. Rep. 21; *Watson v. State,* 70 Ala. 13, 45 Am. Rep. 70. It is very questionable whether such a statement can properly be made, since by an amendment of the statute, section 6831 of the Code, makes it a crime for a bailee to embezzle or fraudulently convert to his own use any money or other property "which may have come into his possession by virtue of any bailment for any purpose." It seems that these words bring within the scope of this statute a bailee who is also the authorized agent of the bailor to deal with the subject of the bailment on account of the latter. However that may be, it is plain that a bailee who is such an agent of the bailor is guilty of the offense charged in the indicment in this case if he fraudulently converted to his own use money which came into his possession by virtue of his employment, though that money is the proceeds of property sold by him for another.

The money which there was evidence tending to prove was converted by the defendant to his own use came into his hands as a result of a sale made by him in this state of an automobile which he had for sale for the White Company, an Ohio corporation which at the time of such sale had not, by a compliance with the statutory requirements applicable to such a corporation, become entitled to do business in this state. Such a noncompliance with the requirements of the law by

the nondomestic corporation from which the defendant received the property did not change his relation to that property or to the money into which by the sale it was converted, from that of bailee or agent to that of owner; nor did it have the effect of confiscating or so far outlawing the property of such corporation found in this state that a person in possession of it could, with impunity, deal with it or with the proceeds of its sale in such a manner as would have made him guilty of embezzlement if his principal or employer had been under no disability to transact business in the state. The statutes render null and void all contracts, engagements, or undertakings or agreements with, by, or to a nonresident corporation which undertakes to do business in this state when it is not entitled to do so, and make the offending corporation, and any agent, servant, or officer of it liable to specified criminal penalties for violations of the prohibitions as to doing business in this state to which they are subjected.—Code, §§ 3642, 3644, 3645, 3653, 6628, 6629. But the statutes do not undertake further to penalize such infractions of their provisions by exposing any property of the offending corporation found in this state to be preyed upon by any one who may choose to despoil it or to appropriate it to his own use, or by suspending as to such property the operation of all laws, civil or criminal, against wrongful dealing by one person with the property of another. In the case of *State v. Sienkiewiez,* 4 Pennewill (Del.) 59, 55 Atl. 346, the support for the charge of embezzlement was evidence as to a fraudulent conversion by the defendants to their own use of goods which they had obtained under a contract of bailment which was void because it was made on Sunday. In disposing of the contention that the defendants could not have been guilty of embezzlement because there had

been no valid bailment of the property charged to have been fraudulently converted, the court said: "When a contract is made on Sunday, and the making of it on that day is forbidden by statute, the contract is void, though the thing contracted to be done may be lawful. And yet, although the owner may place his property in the hands of another under a contract which is void, he does not forfeit his property in the thing which he has thus delivered. While the party to an unlawful contract shall not receive the aid of the law to enforce that contract, or to compensate him for the breach of it, and while the contract may be void, the general property in the thing bailed remains with the former owner. The consequences of a void contract do not extend to a forfeiture of the owner's general right of property, and for a wrongful invasion of that right he may maintain trover against the bailee." We think that, under the facts of the case at bar, it properly may be said that it did not follow, from the failure of the unlawful sale of the automobile to give rise to any enforceable contract obligation (Code, § 3653), that the ownership of the money received on the sale was changed or destroyed, or that the capacity in which it was held by the recipient of it was other or different from that of an agent or bailee holding for another, or that its illegality made the entire transaction such a nonentity that the law could take no cognizance of it for any purpose. Instead of the illegality in the transaction having the last-mentioned consequence, the law takes notice of the agency if it existed in fact, and makes specific provision for the punishment of the guilty agent for his acts as such.— Code, §§ 3645, 6628, 6629. In our statutes, which forbid the transaction in this state of business by or for a nonresident corporation, except after a compliance with the conditions prescribed, nothing is found which is en-

titled to be given the effect of making any money or
other personal property of such corporation an excep-
tion to the general rule that such money or property
may be the subject of embezzlement, though the trans-
action in which it was acquired was tainted with ille-
gality or criminality.  So far as we have been able to
discover, all the courts in which the question has been
presented recognize the existence of such a rule, and in
several well-considered cases in other jurisdictions it
as been held that a result of this rule is that one cannot
avoid liability for embezzling money from a foreign cor-
poration by showing that it was not authorized to
transact in the state the business in which the embezzle-
ment occurred.—*State v. Blakemore,* 226 Mo. 560, 126
S. W. 429, 27 L. R. A. (N. S.) 415, and note; *People v.
Hawkins,* 106 Mich. 479, 64 N. W. 736; *State v. O'Brien,*
94 Tenn. 79, 28 S. W. 311, 26 L. R. A. 252; *State v. Tu-
mey,* 81 Ind. 559; *Commonwealth v. Smith,* 129 Mass.
104; *State v. Pohlmeyer,* 59 Ohio St. 491, 52 N. E. 1027;
*State v. Hopkins,* 56 Vt. 250.  A foreign corporation re-
tains the right to its property brought into this state,
or to money into which it may be converted by one act-
ing in its behalf, until that right has been forfeited in
some way provided for by law, though such corporation
has undertaken to transact business in this state with-
out being entitled to do so.  Its personal property re-
mains subject to larceny or embezzlement, and if one
who acts as an agent in this state of such corporation
fraudulently converts to his own use money which came
into his possession by virtue of his employment, he is
guilty of embezzlement, though there was criminality
in the transaction by which the money was acquired
The criminality of that transaction cannot be given the
effect of suspending the operation of the law against
embezzlement, so as to enable one who, as the agent or

[Barr v. The State.]

employee of another, was a participant in that transaction with impunity to appropriate to his own use property not his own, of which he acquired possession as a result of it. One's conduct which otherwise would have made him guilty of an offense against the state none the less constitutes such offense because the subject of it had figured in a previous criminal transaction. The rulings of the trial court were in conformity with the views above expressed.

One cannot be guilty of embezzling his own property. The subject of an alleged embezzlement must be proved to have been the property of some one other than the defendant.—*St. Clair v. State,* 100 Ala. 61, 14 South. 544; 15 Cyc. 492. But it is not a requisite of the existence of the offense charged in the indictment in this case that the money alleged to have been embezzled was the property of the party whose agent the defendant is alleged to have been. The offense was complete if the defendant, being at the time an agent as alleged, embezzled or fraudulently converted to his own use such money which came into his possession by virtue of his employment, though that money belonged to some one other than the defendant's alleged principal.—Code, § 6828. The offense charged may have been committed though such principal was the agent or bailee of the owner of the property. The inference of ownership, which in some Alabama cases has been spoken of as one necessarily to be drawn from an allegation of the defendant's agency (*Washington v. State,* 72 Ala. 272; *Wall v. State,* 2 Ala. App. 157, 56 South. 57), is of ownership of the thing alleged to have been embezzled by some one other than the defendant, but not necessarily that of the defendant's principal or employer. It follows that the court was not in error in refusing to give charge G, requested by the defendant; the indictment in the case

not having alleged such ownership as was hypothesized in that charge.

Other rulings presented for review have not been discussed by counsel for the appellant, and the questions raised by such other rulings are not such as to merit discussion. There is no error in the record.

Affirmed.