## Penny *v.* The State.

*Indictment for Larceny and Embezzlement.*

1. *Embezzlement by agent or servant.*—Under an indictment for the embezzlement of a bale of cotton (Code, § 3795), a conviction can not be had on proof that the defendant, being employed by the owner of several bales of cotton to haul them to a factory, and having so hauled them, took one of the receipts in the name of his own son, but afterwards delivered it, with the others, to the owner.

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. SAM. H. SPROTT.

C. GANTZHORN, and T. L. BEATTY, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The first count of the indictment charges the larceny, and the second count the embezzlement, of a bale of cotton, the property of a private person. Defendant was convicted on the second count, which is tantamount to an acquittal of the offense of larceny. Embezzlement being a statutory offense, to constitute it the statutory elements must concur. The second count of the indictment is founded on section 3795 of Code 1886. Before the offense with which the defendant is charged is made out, it must be shown that he was the agent or servant of the owner of the cotton; that it came into his possession by virtue of his employment; and that he has embezzled, or fraudulently converted it to his own use, or fraudulently secreted it with intent to convert it to his own use.

Assuming the facts to be as testified by the State witnesses, and not regarding the statements and explanations of defendant, they are: The owner of the cotton employed him to haul

seven bales from his gin-house to a factory at Cottondale, about ten miles distant, and deliver them to the manager of the factory. By virtue of his employment, he took possession of, and carried the seven bales to the factory, taking one bale the first load, and two at each succeeding load. He delivered the seven bales to the manager of the factory, taking the receipt for the bale first hauled in the name of his son, Lane Penny, which bale was marked, after leaving the gin-house, with the letters L. P.; and for the other six bales he took receipts in the name of the owner. On being questioned, shortly after he finished hauling, as to the number of bales he had carried, he replied, only six; but, on being pressed, admitted he had carried seven. Soon after this, he delivered all the receipts to the agent of the owner. On these facts, defendant requested the court to give the affirmative charge in his favor.

Conversion has been defined to be "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition, or the exclusion of the owner's rights." *Conner v. Allen*, 33 Ala. 515; *Threat v. Stamps*, 67 Ala. 96. It is not pretended that there was any secretion, waste, destruction, or wrongful taking of the bale of cotton. Defendant hauled and delivered as directed by the owner. The only acts done by him, not in accord with his duty, were marking the bale and taking a receipt therefor in the name of his son. These acts do not, of themselves, constitute an exercise of dominion in exclusion of the owner's rights, nor an appropriation to defendant's own use and beneficial enjoyment; nor withholding from the possession of the owner; nor an alteration of the condition of the cotton. The receipt may have armed defendant with power to exercise dominion, and to withhold the cotton from the possession of the owner; it may be the assertion of an inconsistent claim or right; but the acquisition of such power, and the assertion of such claim or right, do not constitute a conversion of the cotton itself. To complete a conversion, the assumed power must be exercised to the alteration of its condition, or to the exclusion of the owner's rights. Defendant's taking the receipt and marking the bale as was done, may be evidence of an intent to claim and appropriate the cotton to his own use; but the mere intent is not sufficient. Delivery of the receipt to the owner was an abandonment of such purpose.

[Cooper v. The State.]

The court erred in refusing to charge the jury, that if they believed the evidence, they must find defendant not guilty.

Reversed and remanded.