# Eggleston *v.* The State.

*Indictment for Embezzlement.*

1. *Embezzlement; constituents thereof.*—Where one, after acquiring the possession of money as the agent of its owner, for the purpose of changing it or having it changed, conceives the fraudulent intent to convert it to his own use or the use of another, or fraudulently secretes it with the intent of converting it to his own use, or the use of another, such person is guilty of embezzlement.

2. *Same; intent to fraudulently convert a question for the jury.* On a trial under an indictment for embezzlement, where it is shown that there was money handed to the defendant for the purpose of having it changed, and there was evidence tending to show that after receiving the money the defendant secreted it about his person, and that when he went to get change he handed out another piece of money of smaller denomination, while the evidence for the defendant tended to show that he gave to the person from whom the change was sought the money which was handed him, it is a question for the jury to determine whether the defendant had the intent to fraudulently convert the money to his own use, or to the use of another, and further determine whether he fraudulently secreted it with such intent.

3. *Charge to the jury.*—On a trial under an indictment for embezzlement of a twenty dollar gold piece, where there is evidence for the State tending to show that the twenty dollar gold piece was handed to the defendant in order for him to change it, or to get it changed, a charge is erroneous and properly refused which instructs the jury that "If from all the evidence you can not say to a moral certainty what became of the twenty dollars (if there was any twenty dollars) then you would not be authorized to convict the defendant."

4. *Same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "If the defendant in good faith put the money on the counter for change and Wash Childress got and kept it and converted it then the defendant would not be guilty. If there is reasonable doubt the evidence as to whether defendant converted it or not, you should acquit him."

5. *Same; good character.*—In a criminal case, charges to the jury which instruct them that "good character may generate a reasonable doubt so as to authorize an acquittal when no such doubt would arise in the absence of such testimony," are erroneous and properly refused.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. E. B. ALMON.

The indictment under which the defendant was tried and convicted was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Albert Eggleston, being the bailee of Thornton Stanley, embezzled or fraudulently converted to his own use or fraudulently secreted with intent to convert to his own use one twenty dollar gold coin of the United States the personal property of Thornton Stanley, which came into the possession of said Albert Eggleston by virtue of such bailment."

There was a second count to the indictment which charged the defendant with the larceny of twenty dollars, but the court gave the general affirmative charge in favor of the defendant as to the second count.

On the trial of the cause the evidence introduced for the State tended to show that one Thornton Stanley purchased some watermelons from the defendant and handed him a $20 gold piece for him to change for him; that thereupon the defendant stated that he could not change the money, but that they could get it changed at a lunch counter which was near by; that thereupon they went to the lunch counter, and the defendant handed the money to one Wash Childress, who was the attendant at the lunch counter; that said Childress put the money in his hip pocket and went on attending to his duties; that upon the defendant and Stanley asking for the change, the said Childress then reached in his pocket and handed one Tom Cobb a piece of coin and asked him to get the change for him; that thereupon Cobb went to the cash box, dropped the coin which was handed to him by Cobb into the box, and brought to the defendant and Stanley two silver half dollars; that said Stanley refused to receive the change and

said that he had given the defendant $20. Said Stanley further testified that after he handed the defendant the $20 and while they were walking to the lunch counter he put the $20 piece in his pocket and that when he got to the lunch counter he took from his pocket a piece of money and handed it to said Cobb, but that he, the witness, could not say whether it was the $20 gold piece or not. There was evidence introduced for the defendant tending to show that he did not put his hand in his pocket after Stanley handed him the $20 gold piece; that he went to the lunch counter and handed the same money that had been given him by Stanley to Childress; that it was so dark that he did not know whether the money handed him by Stanley was a $20 gold piece or a silver dollar, but that he did not see the money which Stanley handed him after he gave the money to Childress for the purpose of having it changed.

The defendant introduced several witnesses who testified to the fact that the defendant bore a good character in the neighborhood ‚where he lived, and that he was regarded as an honest man.

Upon the introduction of all the evidence the defendant requested the court to give the following written charges to the jury, and separately excepted to the court's refusal to give each of them as asked: (1.) "If from all the evidence you can not say to a moral certainty what became of the $20 (if there was any $20) then you would not be authorized to convict the defendant." (2.) "If the defendant in good faith put the money on the counter for change and Wash Childress got and kept it and converted it then the defendant would not be guilty. If there is a reasonable doubt from the evidence as to whether defendant converted it or not, you should acquit him." (3.) "I charge you, gentlemen of the jury, as a matter of law, that good character may of itself raise a reasonable doubt in the minds of the jury and so produce a reasonable doubt so as to authorize an acquittal, when no such doubt would arise in the absence of such testimony." (5.) "I charge you that under the evidence in

this case you are not authorized to convict the defendant under the first count of the indictment." (6.) "If the jury believe the evidence they will find the defendant not guilty under the first count of the indictment." (7.) "If the jury believe the evidence beyond a reasonable doubt they will find the defendant not guilty." (8.) "If the jury believe the evidence beyond a reasonable doubt they will find the defendant not guilty on the first count of the indictment."

JAMES JACKSON and A. W. CARMICHAEL, for appellants, cited *Bell v. State*, 48 Ala. 684; *Walker v. State*, 61 Ala. 30; *Holbrook v. State*, 101 Ala. 156; *Washington v. State*, 106 Ala. 58.

CHAS. G. BROWN, Attorney-General, for the State, cited *Cochran v. State*, 86 Ala. 65; *Butler v. State*, 91 Ala. 90; *St. Clair v. State*, 100 Ala. 61; *Watson v. State*, 70 Ala. 14; *Ins. Co. v. Tunstall*, 72 Ala. 142; *Crofton v. State*, 79 Ala. 584.

TYSON, J.—It is doubtless the law that if defendant, when he received the twenty dollar gold piece, entertained the fraudulent purpose of appropriating it to his own use, the taking would be felonious, and would constitute a larceny.—*Levy v. The State*, 79 Ala. 259. But if, after acquiring the possession of the money as the agent of its owner for the purpose of changing it or having it changed, he conceived the fraudulent intent to convert it to his own use or to the use of another, or he fraudulently secreted it with intent to convert it to his own use or to the use of another, he was guilty of embezzlement.—Code, § 4659.

The defendant was an agent within the meaning of section 4659 of the Code of the owner of the money entrusted to him for the purpose of having it changed. It was an undertaking by him "to transact some business or to manage some affair for another, by the authority and on account of it." Besides he was a bailee, with a special property in the money.—*Pullam v. The State*, 78 Ala. 34; *Hinderer v. The State*, 38 Ala. 415; *Croch-*

*eron v. The State,* 86 Ala. 65; *Butler v. The State,* 91 Ala. 87.

Under the evidence it was a question for the jury to determine whether the defendant had the intent to fraudulently convert the money to his own use or to the use of another, as well as was it their peculiar province to determine whether or not he fraudulently secreted it with the intent to convert it to his own use or to the use of another. The finding by them of the truth of either, would justify a conviction if other essential facts were sufficiently shown to their satisfaction.

Charge 1 requested by defendant had a tendency to mislead the jury to the conclusion, that the burden of proof was upon the State to show what became of the money after it had been embezzled by defendant. No such burden rests upon the prosecution. But few convictions could ever be had if the State was required to prove what an embezzler has done with the money or property converted by him or where he had fraudulently secreted it with the intent to convert it. It is utterly immaterial what became of the money after a fraudulent conversion of it or a fraudulent secretion of it with intent to convert it.

It was misleading also in another aspect of the case. The jury, under the evidence, were authorized to find that what took place between defendant, Childress and Cobb at the lunch stand, was merely a piece of jugglery resorted to and participated in by all of them for the purpose of fraudulently secreting the money with the intent to convert it.

Charge 2 pretermits all reference to a fraudulent secretion of the money, and for this reason, if for none other, was bad.

Charges 3 and 4 have been so frequently condemned by this court, we will refrain from further comment. *Crawford v. The State,* 112 Ala. 1; *Goldsmith v. The State,* 105 Ala. 8; *Scott v. The State, Ib.* 57.

The remaining charges were properly refused.

Affirmed.