# Henderson *v.* The State.

## *Indictment for Embezzlement.*

1. *Embezzlement; what necessary to authorize conviction.*—To authorize a conviction for embezzlement, some act of fraudulent conversion or appropriation by the defendant must be proved to have occurred in the jurisdiction where the prosecution is begun.
2. *Same; same.*—A mere failure by an agent to return money entrusted to him, without evidence of a fraudulent appropriation or conversion of such money by the agent, is not sufficient to constitute the crime of embezzlement.
3. *Same; same; charge to the jury.*—In a prosecution for embezzlement, a charge which instructs the jury that it was the defendant's duty to account to the State of Alabama for the money which was delivered to him by the prosecutor for the specific purposes shown by the evidence is erroneous and invasive of the province of the jury.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The defendant in this case was prosecuted, tried and convicted for the embezzlement of seventy-five cents. The facts of the case are sufficiently stated in the opinion.

The court in its oral charge to the jury, among other things, instructed them as follows: "It was the duty

of the defendant to account to the State of Alabama for the seventy-five cents." To this part of the court's charge the defendant separately excepted, and also excepted to the court's refusal to give the following charge requested by him: "(1.) If the jury believe the evidence in this case beyond a reasonable doubt, they must find the defendant not guilty."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The crime of embezzlement may embrace continuous taking and extend to several jurisdictions, but to sustain a conviction therefor, some act of fraudulent conversion or appropriation must be proved to have occurred in the jurisdiction where the prosecution is begun.—1 Whart. Cr. Law, § 1057.

The defendant was given money by the prosecutor in Pike county for the purpose of buying a ticket in Bullock county for a workman he was to bring from there back to Pike county on the following Thursday. He neither brought the workman nor returned the money. Whether he went to Bullock county immediately does not appear, but it was shown that he was in that county later than the Thursday mentioned and in the same month and that he remained there until his arrest. There is an absence of evidence to show that any conversion or appropriation of the money occurred in Pike county. A mere failure to return money entrusted to an agent without evidence of a fraudulent appropriation or disposition is not sufficient to constitute the crime.—2 Bish. New Crim. Law, § 376. Under the evidence appearing in the record the charge requested by the defendant should have been given.

The court's charge to the jury that "it was the defendant's duty to account to the State of Alabama for the 75 cts." might well have been construed by the jury as an intimation of the defendant's guilt. This was an erroneous invasion of the jury's province.

Let the judgment be reversed and the cause remanded. The defendant will be held until legally discharged.