# Knight *v.* The State.

## *Embezzlement.*

(Decided July 2, 1907.   44 South. 585.)

1. *Embezzlement; Definition.*—Embezzlement consists in fraudulently converting to one's own use, or fraudulently secreting with the intent to convert to one's own use the personal property of another that comes rightfully in to one's possession as agent, etc.; the trespass, a necessary element of larceny, being incapable of being committed.

2. *Same; Essentials of Offense; Intent.*—The constituent elements of embezzlement is an act indicating an intent to convert the property from the possession of the holder as agent to the holder for himself, or to deprive the owner of the same, or to segregate it for the purpose of depriving the owner of the same,, and the embezzler must assume personal dominion of the property.

33. *Same; Venue;; Locality of Offense.*—The defendant being charged in C. County with embezzling money delivered to him there to be taken into another county for deposit, it was unnecessary to show what became of the money; but it was necessary to show some act by which it was converted by defendant to his own use, or secreted for the purpose of converting it to his own use, in the county where the charge was laid.

4. *Same.*—Although the evidence afforded an inference that while still in the county where the money was delivered to him for deposit in another county the defendant formed the intent to embezzle it, that would not constitute such a part of the actual offense of embezzlement as to give jurisdiction of the offense in that county.

5. *Same; Fraudulent Intent; Presumption.*—To presume a fraudulent intent at the time of the taking from the fact that one receives money for a certain purpose, and afterwards refuses to return it, would make the offense larceny, and cannot be indulged in a prosecution for embezzlement.

6. *Indictment; Designation of Owner of Property.*—In an indictment for embezzlement it is sufficient to designate the owner of the property by his initials, although it is better to allege the Christian name or that it is unknown.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Jim Knight was convicted of embezzlement, and appeals. Reversed and remanded. For the facts see a former report of this case, 147 Ala. 104, 41 South. 911.

[Knight v. The State.]

D. H. RIDDLE, for appellant.—For former report of this case see 147 Ala. 104. The money was not sufficiently described, and the demurrer going to that feature of the indictment should have been sustained.—*Knight v. The State, supra; State v. Murphey,* 6 Ala. 845; *DuBois v. The State,* 50 Ala. 139; *Grant v. The State,* 55 Ala. 291; *Burney v. The State,* 87 Ala. 80. The name of the owner of the property was not sufficiently alleged.— *Morningstar v. The State,* 52 Ala. 405; *Johnson v. The State,* 59 Ala. 37; *Underwood v. The State,* 72 Ala. 220. The affirmative charge should have been given for the plaintiff, first, because there was no evidence tending to show that the crime was committed in Coosa county.— *Henderson v. The State,* 129 Ala. 104. Mere intention to misappropriate money is not sufficient. There must be an actual taking possession of the property for the purpose of seggregating it from the true owner.—*Penny v. The State,* 88 Ala. On these authorities and the authority of *Neville v. The State,* 133 Ala. 99, the charges requested by defendant should have been given.

ALEXANDER M. GARBER, Attorney General, for the State. Charges AA B, and F are abstract and misleading. Charge H refers a question of law to the jury.— *Burgess v. The State,* 42 South. 681; *Whatley v. The State,* 39 South. 1004. The act of conversion may be referred to the time of the formation of the intent.— *Dickens v. The State,* 142 Ala. 49; *Dozier v. The State,* 130 Ala. 57; *Weaver v. The State,* 77 Ala. 226.

SIMPSON, J.—The defendant was convicted of the embezzlement of a part of a certain sum of money, which was delivered to him in Coosa county, to be taken to Talladega county and there deposited in a bank. When the case was before this court at a previous term it was held

that, inasmuch as the evidence showed that the money was delivered to the defendant in Coosa county, to be carried to Talladega county, and that he did deposit a portion of the money in the bank in Talladega county, the court could not say as a matter of law that the embezzlement took place in Coosa county; also that, in order to a conviction, the burden was on the state to show that the money was embezzled in Coosa county.

Embezzlement is said to be "a sort of statutory larceny, committed by servants   *   *   *   where there is a trust imposed" (1 Bishop's Criminal Law [7th Ed.] § 567) ; or, as stated in the eighth edition of the same work, "a statutory larceny, created by an apparently bungling attempt to eliminate one of the elements from the common-law offense."—Section 567, subd. 2. It is of statutory, not common-law origin; the first statute having been enacted in England during the reign of Henry VIII. The gravamen of the offense is that a person who has come rightfully into the possession of personal property as agent, etc., not being capable of committing a trespass, which is a necessary element of larceny, yet fraudulently converts it to his own use, or fraudulently secretes it with intent to convert it to his own use, or the use of another.—2 Bishop on Criminal Law (8th Ed.) §§ 318, 372; Code 1896, § 4659.

While the elements of the offense are clear, it is sometimes difficult to determine just what evidence is necessary to establish the fact of embezzlement. There must, at least, be some act indicating an intent to segregate the property from that held by the defendant as agent, and hold it for himself, or deprive the owner of the same, or to convert it to his own use. He must assume personal dominion of the property.—*Penny v. State*, 88 Ala. 105, 7 South. 50; *Henderson v. State*, 129 Ala. 104, 29 South. 799. "There must be the actual and lawful

[Knight v. The State.]

possession or custody of the property of another, by virtue of some trust, duty, agency, or employment on the part of the accused; and, while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof."—*Reeves v. State,* 95 Ala. 31, 41, 11 South. 158, 162, et seq. We do not understand the expression in the *Henderson Case, supra,* that "a mere failure to return money, .* * * without evidence of a fraudulent appropriation or disposition, is not sufficient," to mean that it is necessary to show any actual appropriation of the money, as contradistinguished from keeping it himself. The English cases upon which that remark (taken from Bishop) is founded merely show that if a man fails to return a portion of the money, but acknowledges it and sets up a claim or a right to withhold it, that does not constitute embezzlement, or that the mere fact that the money had not reached the person to whom it was sent did not necessarily prove the offense.—*Rex v. Elizabeth Smith,* Russ. & Ry., *267; *Regina v. Norman,* Car & M. p. 501. They also hold that the rendering of an account from which the money is omitted furnishes evidence of embezzlement, as do also numerous modern cases.—*Regina v. Creed,* 1 Kar & Kir. 63; *Rex v. Hall,* Russ. & Ry., *463. They differ on the question as to whether absconding without settlement furnishes sufficient evidence.— *Rex v. Williams,* 3 Car. & P. 338.

It is not necessary, then, to show what has become of the money, or that any disposition has been made of it, though, in the absence of any other proof, that might become an important circumstance.—*Eggleston v. State.* 129 Ala. 80, 84, 30 South. 582, 87 Am. St. Rep. 17. It was not necessary in this case to show what disposition was made of the money; but it was necessary to show some act by which it was converted to his

[Knight v. The State.]

own use by the defendant, or secreted for that purpose, and that act must have been done in Coosa county. In order to justify the submission of the case to the jury, it was necessary that there should be proof of at least some act from which the jury could infer that the offense was committed in Coosa county. We cannot adopt the principle laid down in regard to larceny, to-wit, that if one receives money for a certain purpose, and afterwards refuses to return it, we will presume the fraudulent intent at the time of the taking; for that would make it larceny and not embezzlement.—*Levy v. State*, 79 Ala. 259; *Eggleston v. State*, 129 Ala. 83, 30 South. 582, 87 Am. St. Rep. 17. Even if the evidence furnished any ground for inference that at some time after receiving the money, and while still in Coosa county, the defendant formed the intent to embezzle the money, that would not be such a part of the actual offense as to give the jurisdiction in Coosa county.—*Brown v. State*, 108 Ala. 18, 18 South. 811. Our conclusion is that the evidence did not furnish any inference that the offense was committed in Coosa county, and the general affirmative charge requested by the defendant should have been given. ·

We think that what has been said covers the various points raised by the charges and the objections to evidence. It is only necessary to say, for the guidance of the court if the case is tried again, that the indictment is in Code form and not subject to the demurrer to the effect that the money was not sufficiently described.— *Huffman v. State*, 89 Ala. 33, 8 South. 28; *Reeves v. State*, 95 Ala. 31, 11 South. 158; *Lang v. State*, 97 Ala. 41, 12 South. 183; Form No. 40, section 4659, Code 1896. Also, while it is the better practice to state the Christian name of the defendant and of the owner of the property in the indictment, or aver that they are unknown, yet the averment of the owner's name by his initials is suffi-

[Knight v. The State.]

cient.—*Crittenden v. State,* 134 Ala. 145, 32 South. 273. No Christian name or initial, either, was stated in the cases of *Johnson v. State,* 59 Ala. 37, and *Morningstar v. State,* 52 Ala. 405.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.