HURST v. STATE. (8 Div. 381.)

(Court of Appeals of Alabama. April 20, 1926.)

1. Embezzlement ⬿26—Indictment for embezzling about $1,200 held sufficient (Code 1923, § 3960).

Indictment charging that an agent embezzled, or fraudulently converted to his own use or to the use of another, money to about the amount of $1,200, which came into his possession by virtue of his employment, *held* sufficient, in view of Code 1923, § 3960.

2. Embezzlement ⬿44(1)—Where embezzlement prosecution is resorted to where differences in accounts arise from contractual relations, state will be held to strict rules of proof.

Criminal law was not designed to enforce payment of debt nor to adjudicate civil disputes, and where, by reason of contractual relations, differences in accounts arise and embezzlement prosecution is resorted to, state will be held to strict rules of proof in making out its case.

3. Embezzlement ⬿44(2)—To prove agent guilty of embezzlement, there must be proof of act indicating his intent to segregate and assume personal dominion over property which he knows belongs to another.

To establish that agent is guilty of embezzlement, there must at least be proof of some act indicating an intent to segregate the property from that held by him as agent, and hold it for himself, or to deprive the owner of it or to convert it to his own use.

4. Criminal law ⬿564(1)—In embezzlement prosecution it is necessary to show some act, done in county in which defendant is prosecuted, by which he converted money to his use.

Where agent is charged with embezzling money coming into his possession by virtue of employment, it is unnecessary to show disposition made of it, but it is necessary to show some act done in the county in which defendant is prosecuted, by which it was converted to his use.

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Embezzlement** ⬥⟹44(2) — **Evidence of agent's failure to pay balance due to his employer, without proof of fraudulent appropriation held insufficient to support embezzlement conviction.**

Evidence of mere failure of an agent to pay a balance of $25 found to be due his employer, growing out of many transactions covering two years, *held* insufficient to sustain conviction of embezzlement.

**6. Embezzlement** ⬥⟹47 — **In embezzlement prosecution, evidence showing failure to pay balance due but no fraudulent appropriation entitled defendant to general charge.**

Where, in embezzlement prosecution of an agent, evidence showed failure to pay balance due his employer but no fraudulent appropriation, defendant was entitled to general charge.

Appeal from Circuit Court, Colbert County; O. P. Almon, Judge.

Robert Hurst was convicted of embezzlement, and he appeals. Reversed and remanded.

The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment Robert Hurst, being the agent of James Dirago, doing business under the name of Dirago Candy Company, embezzled or fraudulently converted to his own use, or to the use of another, money to about the amount of $1,200, which came into his possession by virtue of his employment, against the peace and dignity of the state of Alabama."

Bradshaw & Barnett, of Florence, for appellant.

The state failed to prove defendant converted money to his own use in Colbert county, and the defendant should have had the affirmative charge. Henderson v. State, 129 Ala. 104, 29 So. 799; Knight v. State, 152 Ala. 56, 44 So. 585. Where defendant has an interest in the money in his possession on account of commissions due him, he could not be guilty of embezzlement. Ill. Sur. Co. v. Donaldson, 202 Ala. 183, 79 So. 667.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The indictment was sufficient. Code 1923, § 3960; Walker v. State, 117 Ala. 42, 23 So. 149. Defendant's requested charges were properly refused. Knight v. State, 152 Ala. 56, 44 So. 585; Ex parte Acree, 63 Ala. 234; Tate v. State, 20 Ala. App. 698, 100 So. 926; Pellum v. State, 89 Ala. 28, 8 So. 83; Ill. Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667.

SAMFORD, J. [1] The indictment was not subject to any of the demurrers interposed. Code 1923, § 3960; Walker v. State, 117 Ala. 42, 23 So. 149.

The defendant was employed by the Dirago Candy Company of Tuscumbia to sell candy on commission. The defendant lived in Lauderdale county, and sold candies for his employer to customers in Colbert, Lauderdale, and Franklin counties. To all of these customers defendant made deliveries of the candies sold, sometimes collecting at the time of delivery and sometimes extending credit. Each transaction was supposed to be reported to Dirago Candy Company, and return of the cash collected made. The employment continued for several months, when the defendant either quit or was discharged, after which Dirago claimed that defendant had not accounted for all of the money received by him in payment of the candies sold, claiming a shortage of some $1,200. Upon the trial, the jury found the amount of the shortage to be less than $25. The defendant proved a good character, and claims that there is still due him some amount as commissions. The transactions covered several months, and embraced a large number of items and accounts with many different people, but there is no act of fraudulent conversion or appropriation shown to have taken place in Colbert county, and in fact the only evidence of any sort of conversion may be said to be the inference to be drawn from the testimony of Dirago that he delivered the candy and failed to receive the cash for it.

[2] The criminal law was never designed to enforce the payment of debt nor to adjudicate mere civil disputes between parties, and where, by reason of contractual relations, differences in accounts arise and a criminal prosecution is resorted to, the state will be held to the strict rules of proof in making out its case against the defendant.

[3, 4] In the case of Henderson v. State, 129 Ala. 104, 29 So. 799, the defendant was given money by the prosecutor in Pike county, for the purpose of buying a ticket in Bullock county for a workman he was to bring from there back to Pike county on the following Thursday. He neither brought the workman nor returned the money. The court held:

"There is an absence of evidence to show that any conversion or appropriation of the money occurred in Pike county."

A mere failure to return the money intrusted to an agent, without evidence of a fraudulent appropriation or disposition, is not sufficient to constitute the crime. 2 Bish. New Crim. Law, par. 376. In Knight v. State, 152 Ala. 56, 44 So. 585, the court in a case similar to the case at bar held that the burden was on the state to show that the money then charged to have been embezzled was in fact embezzled in Coosa county. While the elements of the offense of embezzlement are clear, it is sometimes difficult to determine just what evidence is necessary to establish the crime. There must at least be some *act* indicating an intent to segregate the property from that held by the defendant as agent,

and hold it for himself or to deprive the owner of the same, or to convert it to his own use. He must, with a knowledge of the fact that the property is that of his employer, assume personal dominion over it. Penny v. State, 88 Ala. 105, 7 So. 50; Henderson v. State, 129 Ala. 104, 29 So. 799; Reeves v. State, 95 Ala. 31, 11 So. 158. It is also held by the English courts that, if a man fails to return a portion of the money held by him and sets up a claim of right to withhold it, that does not constitute embezzlement, or the mere fact that the money had not reached the person to whom it was due does not necessarily prove the offense. Rex v. Smith, Russ. & Ry. 267; Reg. v. Norman, Car. & M. p. 501. But it is also held that the rendering of accounts from which the money paid is omitted furnishes evidence of embezzlement. Knight v. State, 152 Ala. 56, 44 So. 585. In this case it is not necessary to show what disposition was made of any money which was collected for candy delivered, but it was necessary to show some act by which it was converted to the use of defendant, and that act must have been done in Colbert county. Knight v. State, 152 Ala. 56, 44 So. 585.

[5, 6] The dealings between the prosecutor and the defendant covered a period of about two years, the items sold ran into the hundreds, the customers to whom candy was sold were many. Some of the customers bought on credit and some for cash. The territory in which candy was sold embraced Colbert, Lauderdale, and Franklin counties. Collections were made by defendant, and settlements made with the prosecutor's drivers, in Lauderdale county. Starting out with an alleged embezzlement of $1,200, the amount dwindled to less than $25. If as matter of fact this $25 was fraudulently appropriated, when was it done, and where was it done? The evidence furnishes no definite answer, nor facts from which the jury were authorized to base their verdict. Convictions for crime must be based upon specific, proven facts, connecting defendant with the commission of crime in the jurisdiction in which the cause is being prosecuted. The defendant was entitled to the general charge.

The defendant may upon proper and sufficient proof be convicted of the fraudulent misappropriation of certain moneys coming into his hands as agent, but the mere failure to pay a balance found to be due, growing out of numerous transactions covering a period of two years, while furnishing a basis for a civil suit is not sufficiently definite to sustain a criminal charge.

There are other questions presented upon the rulings of the court which will not probably arise in another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.