

Beddow, Ray & Jones, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and George Lewis Bailes, Sol., and Robt. G. Tate, Deputy Sol., both of Birmingham, for the State.

167 So. 599

## ABBOTT v. STATE.

### 6 Div. 749.

Court of Appeals of Alabama.

Jan. 14, 1936.

Rehearing Denied Feb. 18, 1936.

A. A. Carmichael, Atty. Gen., and George Lewis Bailes, Sol., and Robt. G. Tate, Deputy Sol., both of Birmingham for the State.

Beddow, Ray & Jones, of Birmingham, for appellant.

RICE, Judge.

The indictment, drawn under Code, § 3966, charged that E. W. Abbott, being at the time the bailee or agent of J. T. Freeman, embezzled or fraudulently converted to his own use five bonds of the Southern Natural Gas Company, a corporation, of the aggregate value of $4,000.

According to the evidence, Abbott received the bonds from Freeman for the sole purpose of exchanging them for other specified securities. The bonds were never returned to Freeman, nor did he receive the securities for which he had stipulated. Two of the bonds had not, at the time of the trial been accounted for, but Freeman traced the other three into the hands of a Mrs. Garner. She testified that at a date shortly after that on which the bonds were turned over to Abbott by Freeman, Abbott negotiated with her for a trade of four Southern Natural Gas bonds for certain

real estate theretofore conveyed to her by Abbott; that afterwards one Allbright, an attorney acting for Abbott, came to her home in Saint Clair county, delivered four bonds (three of which were those of Freeman) into her hands and received in return a deed to the realty in question. According to the testimony of both Mrs. Garner and Mr. Allbright, this deed was not made to Abbott as grantee, but to Stuart McKendrick or Mrs. McKendrick. Just who was the grantee is left to rest in uncertainty. The deed was never placed of record and its whereabouts is unaccounted for. The defendant did not testify on the trial, and neither did McKendrick or his wife. Allbright's testimony further went to show that he, as an attorney practicing in Jefferson county, was employed by Abbott to prepare the deed, to deliver the bonds to Mrs. Garner, and to receive from her in return the deed duly executed by herself and her husband. The employment of Allbright and the committing of the bonds to him for the stated purpose took place in Jefferson county.

██ Embezzlement is purely a statutory offense, not having constituted a crime under the common law. It has been defined as " 'a sort of statutory larceny, committed by servants * * * where there is a trust imposed.' * * * The gravamen of the offense is that a person who has come rightfully into the possession of personal property as agent, etc., not being capable of committing a trespass, which is a necessary element of larceny, yet fraudulently converts it to his own use, or fraudulently secretes it with intent to convert it to his own use, or the use of another." Knight v. State, 152 Ala. 56, 44 So. 585. It comprehends the actual and lawful possession or custody of the property of another, by virtue of some trust, duty, agency, or employment on the part of the accused, and while so lawfully in possession or custody of such property, it must be unlawfully and fraudulently converted to the use of the person so in possession and custody. It is not necessary to show what has become of the property or that any disposition has been made of it, but only some act by which it was converted to the use of accused or secreted for that purpose. Knight v. State, supra.

██ The fraudulent conversion denounced by the statute occurs when the use of the property is unlawfully appropriated; it is not dependent upon a converting or changing the property from its form. Thus, when Abbott took three of Freeman's

bonds, which had been intrusted to him for the limited purpose specified, and with fraudulent intent turned them over to his own attorney with instructions to dispose of them in a wholly different manner, viz., to give them to Mrs. Garner in exchange for a deed to real estate, the offense was then complete. All this having taken place in Jefferson county, the venue was in Jefferson county where the trial was had. The fact that the actual exchange was made by the attorney in Saint Clair county could not serve to put the venue in that county, the wrongful act having already occurred. Knight v. State, supra.

██ Defendant elicited a good bit of evidence designed to show that when he received the bonds from Freeman he was acting, not in his individual capacity, but as an agent or employee of the "Continental National Company," investment bankers or brokers, a corporation largely owned and operated by McKendrick; that the Continental National Company was Freeman's agent or bailee. On the basis of this evidence, along with the evidence that the deed executed by Mrs. Garner described McKendrick or his wife as grantee, appellant argues that there is a fatal variance between the indictment and the proof. Otherwise stated, the argument is that whereas the indictment charges an offense under Code, § 3966, by a bailee converting property to his own use, the evidence shows, at most, an offense under Code, § 3960, by an agent or employee of a corporation, converting property to the use of another. But this argument cannot avail. For one reason section 3960 comprehends a wrong perpetrated by the employee against his employer, and there is no suggestion in the record that the corporation suffered any loss. Another is that the evidence offered afforded merely an inference that Abbott was employed at all by the Continental National Company, and, if he was, that the transaction involved was that of the corporation, and thus that what Abbott did was done as its servant. Opposed to this is positive evidence that Abbott dealt in his individual capacity with Freeman in obtaining the bonds and with Mrs. Garner, personally and through his attorney, in exchanging the bonds for real estate. For the trial court, in this state of conflicting evidence, or tendencies of evidence, to have accepted defendant's theory and assumed to give charges so framed and hypothesized, would have been an invasion of the province of the jury. The fact, if so, that the deed was

taken in the name of one of the McKendricks, would not refute the idea of a conversion to defendant's own use, such being compatible with the theory of a ruse or concealment. If there be any distinction of substance between Code, §§ 3960 and 3966 wrought by the use. in the one of the terms converts "to his own use, or to the use of another," and in the other of the more restrictive term "converts to his own use," we need not notice it here; since the evidence does not clearly show that the conversion was for the use of another than defendant, but leaves the question in dispute, to say the least of it, for the determination of the triors of fact.

■ Adverting to the asserted variance, it has been held that when one is indicted under one of the two statutes here involved (Code 1923, §§ 3960, 3966, Code 1907, §§ 6828, 6831), he may be convicted if the evidence establishes the material elements of that offense, even though it may establish the offense defined by the other of the statutes. Barr v. State, 10 Ala.App. 111, 65 So. 197.

■ On cross-examination of the witness Allbright, the state asked this question: "Did this defendant turn over to you checks aggregating the sum of $40.00 for the purpose of replacing these bonds Mr. Freeman had lost?" Defendant objected on general grounds of irrelevancy. The objection was overruled, and the witness answered, "He did." Immediately prior to this question the witness had testified that he was acting as attorney for defendant in the transaction with Mrs. Garner. From aught appearing, the question asked had reference to a time when witness was representing the defendant, and by its phrasing referred to a time subsequent to the exchange of the bonds to Mrs. Garner. Standing alone, or considered in the light of what had gone before, the question not objectionable on the stated grounds. It called for evidence tending apparently to show or to emphasize the fact that defendant had acted individually and also to reflect upon the intent with which he disposed of the bonds. But after the witness had answered as shown above, defendant immediately took him on redirect examination and brought out the fact that the witness then had represented Freeman in an effort to recover his bonds or their equivalent, had undertaken to effect a settlement between Freeman and the defendant, and had received the check for $40 during his effort at a settlement. Appellant here argues for

error in the stated ruling on the ground that it admitted evidence of an effort at compromise. This argument is unavailing, for, as shown, there was nothing in the question or answer indicating an effort to show a compromise, and no ground of the objection pointed out the same. It was only by the evidence elicited by defendant that such a situation was disclosed. No subsequent ruling was invoked. Thus, if defendant was damaged, it was by his own action.

We find no error in the record. The judgment should be affirmed. It is so ordered.

Affirmed.