65 So.2d 531

**ROGERS v. STATE.**

6 Div. 495.

Supreme Court of Alabama.

March 19, 1953.

Rehearing Denied May 28, 1953.

Beddow & Jones and John A. Jenkins, Birmingham, for petitioner.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

BROWN, Justice.

The indictment against the defendant contained two counts, the first charging grand larceny and the other charging defendant with the offense of embezzlement. The jury's verdict was under the second count.

The basis for review and reversal of the Court of Appeals as stated in the petition for certiorari is the following utterance in the opinion of the Court of Appeals, 65 So.2d 525:

"In their argument and brief appellant's counsel contend that the verdict and judgment of guilty of embezzlement is contrary to the law, in that the State itself, by introducing witnesses to establish the plan, pattern, or scheme of appellant's operations preceding the transaction involved in this case thereby eliminated all reasonable doubt but that appellant intended to appropriate the monies prior to the time she obtained them. They further argue that the felonious intent existing prior to obtaining possession of the money, the acts of appellant cannot be considered as constituting embezzlement, though concededly such acts might constitute larceny or obtaining goods by false pretenses.

"We do not consider that this argument is meritorious.

"*The crime of embezzlement is statutory. In some of its phases it overlaps with the offense of larceny and with the offense of false pretense. If however the elements essential to constitute embezzlement are present an accused is none the less guilty thereof even though the elements of other offenses are also present.*" [Italics supplied.]

The charge in the indictment is based on the incident of December 15, 1949, in which Mrs. Holtzclaw delivered to the appellant $3,500 for the purchase of "call stock" to be issued by the Alabama Gas Company. As to this incident the opinion of the Court of Appeals observes:

"It is obvious from the evidence that Mrs. Holtzclaw turned her money over to this appellant temporarily for one specific purpose, and that was to buy 'call stock.' The

jury was fully warranted in concluding that the giving of a note was nothing more than a trick or design to hide appellant's illegal design, and a mere incident in the broader fraudulent scheme. Under such circumstances it cannot properly be said that Mrs. Holtzclaw intended to, or did part with the title to her money.

"We find the general rule to be that the fact that an accused has given a note or other contractual obligation which has been accepted by the injured party is no defense to a charge of either larceny or embezzlement, if the essential elements of the crime are present. See 70 A.L.R. p. 208 for annotation collecting authorities from numerous jurisdictions to this effect."

In the light of these utterances we construe the opinion of the Court of Appeals as holding, if all the elements of the offense of embezzlement are present in the evidence and the jury so finds beyond a reasonable doubt, the defendant is guilty, though some of the elements of other kindred crimes are also present.

A clear statement of the law of embezzlement is found in Knight v. State, 152 Ala. 56, 44 So. 585, which is as follows:

"Embezzlement is said to be 'a sort of statutory larceny, committed by servants * * * where there is a trust imposed' (1 Bishop's Criminal Law (7th Ed.) § 567); or, as stated in the eighth edition of the same work, 'a statutory larceny, created by an apparently bungling attempt to eliminate one of the elements from the common-law offense.' Section 567, subd. 2. It is of statutory, not common-law origin; the first statute having been enacted in England during the reign of Henry VIII. The gravamen of the offense is that a person who has come rightfully into the possession of personal property as agent, etc., not being capable of committing a trespass, which is a necessary element of larceny, yet fraudulently converts it to his own use, or fraudulently secretes it with intent to convert it to his own use, or the use of another. 2 Bishop on Criminal Law (8th Ed.) §§ 318, 372; Code 1896, § 4659.

"While the elements of the offense are clear, it is sometimes difficult to determine just what evidence is necessary to establish the fact of embezzlement. There must, at least, be some act indicating an intent to segregate the property from that held by the defendant as agent, and hold it for himself, or deprive the owner of the same, or to convert it to his own use. He must assume personal dominion of the property. Penny v. State, 88 Ala. 105, 7 So. 50; Henderson v. State, 129 Ala. 104, 29 So. 799. 'There must be the actual and lawful possession or custody of the property of another, by virtue of some trust, duty, agency, or employment on the part of the accused; and, while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof.' Reeves v. State, 95 Ala. 31, 41, 11 So. 158, 162, et seq. * * *." Knight v. State, 152 Ala. 56, 58–59, 44 So. 585; Pullam v. State, 78 Ala. 31, 56 Am.Rep. 21.

The Court of Appeals found as a fact that the evidence presented a case for jury decision under both of said counts. The petition for writ of certiorari is, therefore, due to be denied. Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824; Ex parte Sellers, 250 Ala. 87, 33 So.2d 349.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.