127 So.2d 390

**Ralph HART**

v.

**STATE.**

**8 Div. 558.**

Court of Appeals of Alabama.

Jan. 17, 1961.

Rehearing Denied Feb. 21, 1961.

Dawson & McGinty, Scottsboro, and Glenn Manning, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for State.

PRICE, Judge.

Appellant's jury trial resulted in a verdict of guilty under Counts One and Two of an indictment charging embezzlement. Count Two reads as follows:

"The Grand Jury of said County further charge that before the finding

of this indictment, Ralph Hart, whose name to the Grand Jury is otherwise unknown than as stated, the agent of the Jackson County Hospital Board, a public corporation organized under the laws of the State of Alabama to operate a public hospital in Jackson County, Alabama, doing business as the Jackson County Hospital, embezzled or fraudulently secreted with intent to convert to his own use, or the use of another, four, four feet long joints of thirty inch, concrete sewer tile, of the value of $80.60, the property of the Jackson County Hospital Board, a public corporation, doing business as the Jackson County Hospital, which said tile had come into his possession by virtue of his agency or employment."

The evidence both for the state and the defendant tended to show that defendant purchased the tile described in said count from Word Lumber Company, charged it to the Jackson County Hospital and had it delivered to defendant's farm. At the time of purchase defendant told the salesman he was buying the tile for himself, but wanted to buy it in the name of the hospital in order to benefit from any special discount given the hospital on purchases from the Word Lumber Company.

■ To constitute embezzlement:

"There must be the actual and lawful possession or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused, and while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof." Reeves v. State, 95 Ala. 31, 11 So. 158, 162; Knight v. State, 152 Ala. 56, 44 So. 585; Rogers v. State, 259 Ala. 124, 65 So.2d 531.

■ In Howard v. State, 93 Ga.App. 147, 91 S.E.2d 118, the defendant, as head of the electrical department of the City of Macon, had authority to purchase electrical supplies for the city. He bought, in the name of the city, a wall gas furnace from an electrical supply establishment and carried it to his home. It was defendant's contention that the equipment was charged to the city by mistake, that he intended to buy the heater for his own personal use and not for the city. Defendant was convicted of embezzlement. In reversing the judgment of conviction for the refusal of certain requested instructions, the court held that if the city official intended at the time of purchase to devote the heater to his personal use but obtained possession under the false pretense that he was buying it for the city, the title did not vest in the city, and if title never vested in the city defendant could not be convicted of embezzlement.

There was no evidence here that defendant obtained possession of the property by fraudulent means. It was undisputed that the seller knew defendant was buying the tile for himself and not for the hospital, and that he intended to transfer both the title to and possession of the goods to the defendant

"Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed." Title 57, Sec. 25, Code 1940.

Actual delivery of the goods is prima facie proof of intention to pass title. : 46 Am. Jur., Sales, Sec. 433, page 602. Under the undisputed evidence the title to the tile vested in defendant and not in the hospital, and since the tile was not the property of the hospital, it is our conclusion that whatever defendant's offense, if any, is this transaction, it was not embezzlement of the tile.

The evidence was insufficient to sustain the judgment of conviction as to Count Two of the indictment. For the refusal of the general affirmative charge, requested as

to said count, the judgment is reversed and the cause remanded.

Numerous other questions are argued in brief by counsel for appellant as constituting error. They are unlikely to occur in the event of another trial. In view of our decision that the cause must be reversed because of the ruling discussed above, we reserve consideration of these additional questions.

Reversed and remanded.

