246 So.2d 483

**In re Earl BENEFIELD**

v.

**STATE.**

**Ex parte Earl Benefield.**

5 Div. 903.

Supreme Court of Alabama.

Feb. 4, 1971.

**723**

Paul J. Hooton, Roanoke, for petitioner.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

McCALL, Justice.

The petitioner, Earl Benefield, was convicted of embezzling a 1966 Chevrolet pickup truck, the property of C. B. Alsobrook. In his petition to this court for a writ of certiorari to be directed to the Court of Criminal Appeals, he avers that the opinion of that court is in conflict with the opinions of this court, and that "the Court of Criminal Appeals erred in failing to follow the decision(s) of the Supreme Court on the same point of law." We granted the writ.

The indictment against the petitioner charges that he, with two other persons, as agents or servants of C. B. Alsobrook, the complaining witness, embezzled or converted the latter's 1966 Chevrolet pickup truck which had come into their possession by virtue of their agency or service in behalf of Alsobrook.

Embezzlement is a statutory criminal offense. Knight v. State, 152 Ala. 56, 44 So. 585; Adams v. State, 43 Ala. App. 281, 189 So.2d 354. The State pro-

ceeds on the theory that the petitioner violated Tit. 14, § 126, Code of Alabama, 1940, which provides:

"Any officer, agent, clerk, employee or servant of any incorporated company, association of persons, partnership, or municipal corporation, or agent, clerk, employee, servant, or apprentice, of any private person or persons, who embezzles or fraudulently converts to his own use, or the use of another, or fraudulently secretes with intent to convert to his own use, or the use of another, any money or property which has come into his possession by virtue of his office, agency, employment, or apprenticeship, shall be punished on conviction, as if he had stolen it."

To support a conviction for embezzlement, the burden is on the State to prove that, after acquiring possession of money, property or effects as the agent of the owner, the accused fraudulently converted it to his own use, or to the use of another. Reeves v. State, 95 Ala. 31, 11 So. 158; Eggleston v. State, 129 Ala. 80, 83, 30 So. 582; Knight v. State, 152 Ala. 56, 44 So. 585; Rogers v. State, 259 Ala. 124, 65 So.2d 531; Boyd v. State, 41 Ala.App. 507, 511, 138 So.2d 60; Hart v. State, 41 Ala.App. 221, 127 So.2d 390. In order to justify the submission of the case to the jury, it is necessary that there should be proof of at least some act from which the jury can infer that the offense was committed. Rogers v. State, 259 Ala. 124, 65 So.2d 531; Knight v. State, 152 Ala. 56, 60, 44 So. 585; Henderson v. State, 129 Ala. 104, 29 So. 799; Hurst v. State, 21 Ala.App. 361, 108 So. 398.

We must assume that the Court of Criminal Appeals, in quoting over six pages of testimony in its opinion, included it to show that it met the legal requirements to support a conviction of embezzlement.

We have examined that evidence carefully and do not think it sufficient to support an affirmance of the conviction.

As stated by this court in Parker v. State, 280 Ala. 685, 198 So.2d 261, no rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused's criminal agency in the offense charged. See Colley v. State, 41 Ala.App. 273, 128 So.2d 525 and cases cited in 6 Ala.Dig., Criminal Law, ⊸560.

No matter what other liability or penalty the petitioner may have incurred, if any, he cannot be convicted of embezzling the truck under the facts in this case as set forth in the opinion of the Court of Criminal Appeals.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded thereto for its further consideration.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.