This is an appeal by Piggly Wiggly No. 208, Inc., and 81 other merchants who do business in Morgan County. The merchants sought a writ of mandamus from the Circuit Court of Morgan County compelling Bob Burrell, the district attorney for the eighth judicial circuit, and Melba Dutton, the clerk of the Morgan County District Court, to prosecute or allow the prosecution of worthless check cases without requiring, as a condition precedent, that the merchants execute affidavits stating that they had not previously turned the bad checks over to a check collection agency. In the alternative, the merchants sought declaratory relief and an injunction prohibiting Burrell and Dutton from requiring the merchants to execute affidavits stating that the checks had not been turned over to a check collection agency. The merchants' claims against Dutton were based on her policy of refusing to issue a warrant for the arrest of an alleged writer of a worthless check unless the affidavit was submitted. The trial court entered a summary judgment in favor of Burrell and Dutton denying the merchants' request for a writ of mandamus as well as their request for declaratory and injunctive relief. We affirm.
 "That the great, general, and essential principles of liberty and free government may be recognized and established, we declare:
". . . .
"That no person shall be imprisoned for debt."
Article I, § 20, Constitution of Alabama 1901. *Page 909 
The constitutionality of Title 14, § 234(9)-(21), Code of Ala. 1940 (Recomp. 1958), the predecessor of Alabama's present worthless check act, Ala. Code 1975, §§ 13A-9-13.1 through13A-9-13.3, was challenged in Tolbert v. State, 294 Ala. 738,321 So.2d 227 (1975). In Tolbert, this Court noted that every state, except Vermont, had enacted a criminal statute dealing with worthless checks; that many of those statutes had been constitutionally challenged on the ground that they allowed imprisonment for debt; and that most of them had been found to be constitutional. Justice Shores then wrote:
 "But we agree with the petitioner that if improperly employed to collect a civil debt, such would be an unconstitutional application of such statutes. We further agree that such statutes lend themselves to use by the unscrupulous who seek only payment of debts and have no interest in criminal prosecution other than as a means of collecting money allegedly due them. This court has repeatedly condemned the use of threat of prosecution as a means of collection of worthless checks. Goolsby [v. State, 213 Ala. 351, 104 So. 901 (1925)].
 "Additionally, this Court has spoken with respect to the constitutional provision prohibiting imprisonment for debt, and recognized that this prohibition established a broad public policy '. . . inimical . . . to the incarceration of a debtor as a means of coercing payment. . . .' Carr v. State, 106 Ala. 35, 38, 17 So. 350, 351
(1894).
". . . .
 ". . . [I]n upholding the constitutionality of the Worthless Check Act, we should not be misunderstood as sanctioning its use for debt-collecting purposes."
Tolbert v. State, 294 Ala. at 743-44, 321 So.2d at 232.
Judge Tyson, for a unanimous Court of Criminal Appeals, wrote in Bullen v. State, 518 So.2d 227, 233 (Ala.Crim.App. 1987):
 "The criminal law was not designed to enforce the payment of a debt or to adjudicate civil disputes between parties. Hurst v. State, 21 Ala. App. 361, 108 So. 398 (1926). The mere failure to pay a debt, while furnishing a basis for a civil suit, is not sufficient to constitute a crime. Hurst, supra. The improper employment of a statute to enforce payment of a debt is an unconstitutional application of that statute. Tolbert, supra.
 "The Alabama Supreme Court has condemned the use of threat of prosecution as a means of collecting a debt by '[those] who seek only payment of debts and have no interest in criminal prosecution other than as a means of collecting money allegedly due them.' Tolbert, supra, 321 So.2d at 232. Thus, if one is prosecuted under a statute, he must be prosecuted for the crime which he has committed, not for the debt that he owes or to make him pay it. Cottonreeder v. State, 389 So.2d 1169
(Ala.Crim.App. 1980).
 "The difference between the improper use of a statute as a means of punishment for debt and the proper use of a statute as a means of punishment for a criminal act is intent. Harris v. State, 378 So.2d 257 (Ala.Crim.App.), cert. denied, 378 So.2d 263 (Ala. 1979)."
The record in the present case indicates that Professional Check Service, Inc. ("PCS"), is presently the only agency handling worthless checks for merchants in Morgan County. The record also indicates that PCS, on behalf of its merchant clients, routinely uses the threat of criminal prosecution in an attempt to secure payment from writers of worthless checks. PCS, which, according to its standard contract with its clients, is a for-profit corporation "engaged in the business of recovering money from returned worthless checks," attempts to collect debts owed to merchants by, among other things, sending letters to the writers of worthless checks. The first letter, which notifies the writer of the check that the check has been returned unpaid, also states, in pertinent part:
 "Please respond to this notice within TWENTY-FOUR HOURS of receipt to avoid initiation of criminal processing *Page 910 
by the County District Court Clerk's Office."
(Emphasis added.)
This letter does not substantially conform to the form of notice approved in Ala. Code 1975, § 13A-9-13.2(2).[1] Failing to receive a satisfactory response to the first letter, PCS then sends a second letter, which basically tracks the language approved in § 13A-9-13.2(2), but then, in an apparent attempt to emphasize the possible consequences of a criminal prosecution, sets out the criminal penalties for issuing a worthless check. Thus, because the difference between the proper and the improper use of the worthless check act is dependent upon the subjective intent of the complainant, the probability of the successful prosecution of anyone accused of writing a worthless check in Morgan County is greatly diminished if PCS has attempted, on behalf of the complainant, to collect payment of a debt. Recognizing this problem, Burrell sought to implement a procedure whereby questionable prosecutions (i.e., those prosecutions in which a substantial constitutional defense could be successfully raised) would be avoided.
In exposing and prosecuting crimes, district attorneys are members of the executive branch of state government.Dickerson v. State, 414 So.2d 998, 1008 (Ala.Crim.App. 1982). District attorneys are statutorily vested with discretion to assess the propriety of prosecuting writers of worthless checks. See Ala. Code 1975, § 12-17-224 ("Special services division; worthless check unit; guidelines for processing worthless check complaints; fees and restitution; collection and distribution"). See, also, 63A Am.Jur.2d ProsecutingAttorneys § 24 (1984):
 "A duty rests upon the prosecuting attorney to prosecute in his county or district, on behalf of the people, all public offenses. Where a statute so provides, the prosecuting attorney must initiate proceedings for the prosecution of persons charged with or reasonably suspected of public offenses, when he has information that such offenses have been committed. But, as a general rule, if a prosecutor has possible cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, rests entirely in his discretion. In other words, the duty to prosecute is not absolute, but qualified, requiring of the prosecuting attorney only the exercise of a sound discretion, which permits him to refrain from prosecuting whenever he, in good faith and without corrupt motives or influences, thinks that a prosecution would not serve the best interests of the state, or that, under the circumstances, a conviction could not be had, or that the guilt of the accused is doubtful or not capable of adequate proof.
 "A prosecutor is not subject to judicial supervision in determining what charges to bring and how to draft accusatory pleadings; he is protected from judicial oversight by the doctrine of separation of powers. Thus, it has been held that mandamus will not lie to compel a prosecuting attorney to institute a criminal prosecution, since the acts of a prosecuting attorney are not purely ministerial acts, but involve in a large measure learning and the exercise of discretion."
Recently, in a case also involving Burrell and Dutton, this Court, citing McDowell- *Page 911 Purcell, Inc. v. Bass, 370 So.2d 942 (Ala. 1979), reaffirmed the well-settled rule that mandamus will not lie to direct the manner of exercising discretion or to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion. Professional Check Service, Inc. v. Dutton,560 So.2d 755 (Ala. 1990).
Article III, § 43, Constitution of Alabama 1901, provides in pertinent part:
 "[T]he judicial [branch of government] shall never exercise the legislative and executive powers. . . ."
In Finch v. State, 271 Ala. 499, 503, 124 So.2d 825, 829
(1960), this Court recognized:
 "Great care must be exercised by the courts not to usurp the functions of other departments of government. § 43, Constitution 1901. No branch of the government is so responsible for the autonomy of the several governmental units and branches as the judiciary. Accordingly, we have held that courts cannot and will not interfere with the discretion vested in other units or branches of government.
 "It must be regarded as settled that the court will not interfere except in case of fraud, corruption, or bad faith, the equivalent of fraud."
(Citations omitted.)
This Court is precluded by Art. III, § 43, of the Alabama Constitution from interfering with Burrell's exercise of discretion in this regard.
Furthermore, this Court cannot say that by requiring this affidavit Dutton deviated from her statutory responsibilities:
 "If the judge or magistrate is reasonably satisfied from [the deposition of the complainant] that the offense complained of has been committed and that there is reasonable ground to believe that the defendant is guilty thereof, he must issue a warrant of arrest."
Ala. Code 1975, § 15-7-3. (Emphasis added.)[2]
In conclusion, we note that upon one's conviction of writing a worthless check, the law authorizes the requirement of restitution to the victim. See Ala. Code 1975, § 15-18-65 et seq. These statutory provisions authorize the requirement of restitution as an incident to criminal prosecution; they do not make district attorneys "de facto" debt collectors, as the merchants suggest. As previously stated, it would be an unconstitutional exercise of power for district attorneys to undertake the prosecution of check writers for the purpose of debt collection. The merchants' suggestion that there is no material difference between the efforts of district attorneys in prosecuting writers of worthless checks and the efforts of private check collection agencies, such as PCS, in that the efforts of both may have the effect of coercing payment of a debt based on the threat of a criminal penalty, clearly illustrates why district attorneys possess considerable prosecutorial discretion. Because subjective intent, which is the polestar by which the constitutionality of a prosecution under the worthless check act must be determined, is often difficult to ascertain, it stands to reason that the person in the best position to assess the merits of a criminal prosecution under that act is the district attorney.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] "The form of notice shall be substantially as follows:
 " 'This statutory notice is provided pursuant to section 13A-9-13.2 of the Alabama Code. You are hereby notified that a check or instrument numbered __________, apparently issued by you on __________ (date), drawn upon __________ (name of bank), and payable to __________, has been dishonored. Pursuant to Alabama law, you have 10 days from receipt of this notice to tender payment of the full amount of such check or instrument plus a service charge of not more than $20.00, the total amount due being $ _________. Unless this amount is paid in full within the specified time above, the holder of such check or instrument may assume that you delivered the instrument with intent to defraud and may turn over the dishonored instrument and all other available information relating to this incident to the proper authorities for criminal prosecution.' "
[2] We note that our decision is based on the particular facts of this case — that PCS is the only agency handling checks for merchants in Morgan County and that PCS routinely uses the threat of criminal prosecution in an attempt to secure payment of a debt. We express no opinion as to whether the use of the statutory form of notice only by a check collection agency, such as PCS, could form the basis for a refusal to issue an arrest warrant or to commence a criminal prosecution. *Page 912