MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
I agree with almost all aspects of the main opinion. I find it unnecessary in deciding this case, however, to conclude that a plaintiff must concede that his or her conduct satisfies the elements of a criminal statute in order to seek equitable or declaratory relief on the different ground that the statute is void on its face or that, for some other reason, the actions or threatened actions sought to be restrained fall outside that generous measure of discretion afforded by the constitution to the executive in regard to criminal law enforcement.
In this case, any error in judgment as to whether VictoryLand’s conduct or the machines in question fall within the strictures of our criminal statutes pertaining to gambling and gambling devices does not place the law-enforcement activity at issue here outside the parameters of the discretion delegated to the executive under our constitution. It is the fundamental concern for the protection of that discretion that informs the general rule against the use of a civil action to interfere with efforts by the executive relating to the enforcement of criminal and quasi-criminal laws. See Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907, 910-11 (Ala.1992); Fitts v. McGhee, 172 U.S. 516, 531-32, 19 S.Ct. 269, 43 L.Ed. 535 (1899).
In addition, I write separately in regard to certain aspects of the dissenting opinion. I am not persuaded at this juncture that the decision in State ex rel. Tyson v. Ted’s Game Enterprises, 893 So.2d 355 (Ala.Civ.App.2002), aff'd Ex parte Ted’s Game Enterprises, 893 So.2d 376 (Ala.2004), is not distinguishable for the reason that, in that case, there was a seizure of contraband by law-enforcement officials, the filing of a forfeiture action with respect to that contraband, and the inclusion in that forfeiture action of a request by the executive for a declaratory judgment relating thereto. I note the dissent’s comment that there is no authority to support a rule of law that would prevent an actual or prospective criminal defendant from using a civil action to interfere with law-enforcement activity if such an action is available to the executive in aid of law-enforcement activity. If the law is indeed as posited, I would point to the description above of the fundamental concern that informs the general rule and § 43 of the Alabama Constitution.