## 35927. HOWARD *v.* THE STATE.

Decided November 30, 1955—Rehearing denied December 16, 1955.

*Miller, Miller & Miller,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Charles F. Adams, Assistant Solicitor-General,* contra.

GARDNER, P. J. The controlling issue here is whether or not the court erred in refusing the defendant's special request to charge, as follows: "I charge you that where a person obtains possession of property by trick or fraud, or under false pretense that he is obtaining it for another person, and is to deliver it to such other person, and so obtains possession with intent to appropriate the property to his own use, and the person from whom such property is obtained only intends to deliver the property to such person for delivery to the other, the possession is obtained unlawfully, and the subsequent appropriation of the property in pursuance of the original intent is simple larceny.

"I charge you with respect to count one, involving the wall furnace, if you believe that the defendant obtained possession of the furnace from Lowe Electric Co. by any trick or fraud, or under any false pretense that he was buying it for the City of Macon and he was to turn it over to the City of Macon, and at such time had the intent to appropriate the furnace to his own use, and that Lowe Electric Co. delivered the furnace over to the defendant for the delivery of the furnace by the defendant to the City of Macon, I charge you that the defendant would have obtained the furnace unlawfully; and if he thereafter appropriated the furnace in pursuance of such original intent, he is guilty of simple larceny, and not embezzlement, and you should acquit him as to this count."

It is elementary and needs no authority to sustain it, that in embezzlement cases the property must come into the hands of the officer lawfully. On the other hand, if it comes into the hands of the officer unlawfully it is simple larceny (or in some cases larceny after trust). The court should have charged the principles of law, under the record of this case, as set forth in the request. This was the sole defense of this defendant that he did not come into the possession of the property for the city but that he intended the purchase to be for himself and not for the city. It therefore follows as a matter of law that if the defendant obtained possession of the property by fraudulent means the title thereto never vested in the city but vested in the defendant. If the title to the property never vested in the city, the defendant could not have been guilty of embezzlement. Embezzlement applies only where the title to the property vested in the city. If thereafter the officer appropriates the property to his own use he will be guilty of embezzlement. If the court had given the principle of law as set out in the special request, the jury could have found, under this record, that if the defendant was guilty of any offense such offense would be only simple larceny. There are many decisions to this effect. We deem it unnecessary to cite them. The court erred in refusing to give the special request to charge, which was timely and applicable to the record in this case.

Since the case may be tried again we are not passing on the evidence regarding the general grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*